[No. 2332.]

CREBBIN v. SHINN ET AL.

1. **Appellate Practice—Final Judgments—Costs.**
    An appeal will lie to the court of appeals from any final judgment of a court of record in a civil case, regardless of the amount of the judgment. An appeal will lie from a judgment for costs only.

2. **Appellate Practice—Record—Bills of Exceptions—Demurrer.**
    Decisions of courts of record sustaining or overruling demurrers are part of the record proper, and are reviewable by the appellate courts without a bill of exceptions.

3. **Mortgages—Extension of Time—Liability of Grantee of Mortgagor.**
    Where a purchaser of the equity of redemption of mortgaged premises upon whom rested no obligation to pay the mortgage debt or the interest thereon, agreed with the owner of the mortgage to pay interest on the debt at a stipulated rate, together with the taxes on the property, and to perform the covenants contained in the mortgage in consideration of the extension of the time of payment by the owner of the mortgage, the contract designating a place for payment of both principal and interest, said grantee did not thereby assume and become personally liable for the principal of the mortgage debt.

*Appeal from the District Court of Montrose County.*

Mr. SAMUEL G. McMULLIN, for appellant.

Mr. F. D. CATLIN, for appellees.

MAXWELL, J.

A general demurrer to the complaint was sustained, and plaintiff electing to stand by his complaint, a judgment of dismissal was entered.

By virtue of 1 Mills' Ann. Stats., sec. 680, costs follow a judgment upon a demurrer.

Appellees contend that this case is not appealable, because there is no judgment, except for costs, against appellant.

This court has held that appeals lie to this court in all civil cases, regardless of the amount of the judgment, subject only to the limitation that the judgment is the final judgment of a court of record.— *Livermore v. Truesdell,* 7 Colo. App. 470.

It is also contended that, because it does not appear from the abstract of record that a bill of exceptions was filed, the judgment cannot be reviewed.

Decisions of courts of record, sustaining or overruling demurrers, are a part of the record proper, and are reviewable by the appellate courts without a bill of exceptions.—Mills' Ann. Code, sec. 387.

The complaint avers that July 2, 1888, Robert L. Shinn, by a promissory note of that date, agreed to pay, five years thereafter, $900 to the Jarvis-Conklin Mortgage Trust Company, with interest at 7 per cent., payable semi-annually. To secure payment of the note he executed a deed of trust, ordinary form, to Samuel M. Davis, trustee, upon certain lands in Delta county, owned by him. February 21, 1890, by a quitclaim deed, for the expressed consideration of $1.00, he conveyed the land to E. E. Shinn, one of the appellees. Thereafter E. E. Shinn paid interest on the note to the Jarvis-Conklin Mortgage Trust Company to July 1, 1893, when E. E. Shinn and his wife, Nettie Shinn, appellees herein, executed the following writing:

"EXTENSION AGREEMENT AND COUPONS.

"Kansas City, Mo., July 1, 1893.

"The undersigned hereby covenants that he is the legal owner of the premises conveyed to the Jarvis-Conklin Mortgage Trust Company, by a certain trust deed, given to secure the payment of a promissory note for the sum of $900, payable July 2, 1893, to the order of the said Jarvis-Conklin Mortgage Trust Company, upon which note the sum of $900 remains unpaid; and, in consideration of the extension of the time for the payment of said sum of nine hundred dollars for the term of five years from the maturity thereof, I hereby agree to pay to the Jarvis-Conklin Mortgage Trust Company, or its assigns, interest upon said principal note from the day whereon the same, by its terms, becomes due, to wit: July 2, 1893, at the rate of six per cent. per annum, payable semi-annually, for and during said term of extension, according to the tenor and effect of certain extension coupon notes of even date herewith. Both principal and interest to be paid at the office of the Jarvis-Conklin Mortgage Trust Company, Kansas City, Missouri, when due, and in case of default in payment of interest, or in case of non-payment of taxes or breach of any of the covenants contained in said trust deed, it shall be optional with the Jarvis-Conklin Mortgage Trust Company, or its assigns, to declare said principal debt immediately due and payable.        "E. E. SHINN,

"NETTIE SHINN."

Thereafter the note, trust deed, extension agreement and interest coupons attached to the extension agreement, were assigned to Crebbin, appellant, who is the owner and holder thereof.

The appellees paid the interest coupons attached to the extension agreement.

July 2, 1898, payment of the original note, $900,

was demanded of appellees. Payment refused. The property was sold under the trust deed. The proceeds of the sale were credited on the note. Payment of the balance demanded of appellees and refused. Judgment prayed for balance.

A general demurrer to the complaint was sustained and judgment of dismissal rendered. Therefrom this appeal.

It is conceded by appellant that no personal obligation to pay the principal debt was imposed upon appellees, or either of them, by the transfer of the title of Robert L. Shinn to them, under the quit-claim deed; that the equity of redemption alone was conveyed by that deed; that the only obligation assumed by appellees is embodied in the extension agreement of July 1, 1893. It must also be conceded that the transfer of the equity of redemption to appellees, did not impose upon them any obligations to pay the interest upon the principal debt, which, however, they paid from February, 1890, to the maturity of the note, July 1, 1893.

It is further conceded by counsel for appellant that appellant's right to recover in this action is based solely upon the following clause in the extension agreement:

"Both principal and interest to be paid at the office of the Jarvis-Conklin Mortgage Trust Company, Kansas City, Missouri, when due."

Many familiar and well-settled rules governing the interpretation and construction of contracts are cited and relied upon by counsel in support of the contention that the above clause in the extension agreement, by construction, imposed upon appellees an obligation to pay the principal debt, and many authorities are cited in support thereof.

We are in hearty accord with the rules cited, to wit: That the intention of the parties must be deter-

mined by a consideration of the whole instrument; that every clause and every word must be given effect, if this be possible, and that no part shall be rejected unless absolutely repugnant to the general intent; that words are to be given their plain, ordinary and popular meaning, and that no word or clause in the contract is to be treated as a redundancy, if any meaning consistent with the other parts of the contract may be given to it.

There are other rules of interpretation equally well settled, which must guide in arriving at the meaning of the contract, to wit: The relations of the parties must be considered; the subject-matter of the contract must be kept in view; the apparent purpose of making the contract, and the familiar rule that the law will neither make, nor permit to be made for parties, a different contract from that which they have made for themselves, and a court cannot by interpretation or construction defeat the express stipulation of the parties.

Apply the above rules to the contract under consideration.

The owner of the equity of redemption, upon whom rests no obligation to pay the principal debt, or interest thereon, agrees with the owner of the mortgage debt to pay interest on the mortgage debt at a stipulated rate, together with the taxes on the property, and perform the covenants contained in the mortgage. In consideration whereof the owner of the mortgage debt extends time of payment of the same five years, the contract designating a place for payment of both principal and interest.

The foregoing statement of the contract seems to make entirely clear the intention of the parties with reference to the subject-matter, the surrounding circumstances, the relation of the parties to each other, and gives full force and effect to every clause and

word of the contract, violates no rule of interpretation or construction, and makes it apparent that the judgment of the court below was correct, and that the judgment should be affirmed.

*Affirmed.*