## THOMAS E. SIME v. JENNIE M. LEWIS and Another.[1]

November 18, 1910.

Nos. 16,748—(96).

**Extension of mortgage — release of mortgagor.**

Following Travers v. Dorr, 60 Minn. 173, *held*, a mortgagee, who, with knowledge that a sale subject to the mortgage has been made of the premises, subsequently, but without the consent of the mortgagor, by a valid agreement with the purchaser, extends the time for the payment of the debt, thereby releases the original debtor to the extent of the value of the land.

**Evidence.**

Evidence *held* to justify findings and verdict.

Action in the district court for Hennepin county to recover $250 upon a promissory note. The answer alleged that the note was secured by mortgage; that the mortgagee assigned the note and mortgage to one A. H. Cummings; that defendants conveyed the mortgaged premises to Margaret M. Smith, and said conveyance was by its terms subject to the mortgage; that said Cummings at the maturity of the note agreed with the purchaser of the mortgaged prem-

[1]Reported in 128 N. W. 468.

[Note] Release of mortgagor as surety by mortgagee's dealings with vendee who has assumed the mortgage, see note in 16 L.R.A. 85.

ises to extend the time of its payment without the knowledge or consent of defendants; that Cummings still continued to be and was the owner and holder of the note and mortgage; and that the land was of the value of $500 over and above all incumbrances thereon. The case was tried before Booth, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*T. A. Alexander,* for appellant.

*Savage & Purdy,* for respondents.

O'BRIEN, J.

On April 3, 1907, defendants executed and delivered their promissory note, payable to the order of Ira Knapp, one year from date, in the sum of $250, with interest from date until paid. The note was secured by a mortgage upon real estate. Some time prior to the maturity of the note, it and the mortgage were purchased by A. H. Cummings. On September 11, 1907, defendants by warranty deed conveyed the mortgaged premises to Margaret M. Smith. The deed recited the conveyance was subject to two certain mortgages, aggregating $1,605, and "also subject to a mortgage of two hundred and fifty dollars ($250.00) given by parties of first part to Ira Knapp, and subject to ditch liens and legal assessments thereon."

On March 30, 1908, M. F. Smith, the husband of defendant's grantee, wrote Cummings, asking for an extension of six months in which to pay the note. Under date of thirty-first, Cummings replied, saying that, while he disliked to do so, "yet if you will furnish me evidence that the interest on the other mortgages has been paid, and that there are no taxes due, and that you will pay the interest on this mortgage up for the year that it has run, I will extend it until July 3, 1908." Cummings testified that he subsequently received other letters from M. F. Smith, and, as he remembered, was sent the interest coupon upon a mortgage upon the land in question, together with the tax receipt, showing taxes paid, and another letter inclosing a draft for $15 in payment of the interest due on the note. Upon June 29, 1908, Cummings wrote Smith as

follows: "The note and mortgage, regarding which we had some correspondence in April, was extended by agreement until July 3, 1908, at which time the same will become due, and I shall expect payment at that date, as I want the matter closed then. I trust you will not disappoint in this, as I am relying upon it." In October, 1908, Cummings transferred the note and mortgage to plaintiff.

The case was tried to a jury; the trial court ruling that the evidence conclusively established that Cummings knew Smith had bought the land subject to the mortgage, and granted a valid extension of the time of payment to Smith without the consent of the defendants, and submitted to the jury only one question, viz.: Was there an excess value in the land, at the date of the maturity of the note, over and above the prior existing mortgages and liens; and, if so, to what amount? The verdict was for the defendants, and plaintiff appeals from a denial of an alternative motion.

1. The principal questions here are controlled by the decision of this court in Travers v. Dorr, 60 Minn. 173, 62 N. W. 269. In that case it was held, where the maker of a note and mortgage conveyed the land subject to the lien, and the holder of the lien with knowledge of the conveyance, but without the consent of the original maker of the note, extended the time for payment by an agreement with the then owner of the land, the maker of the note was discharged to the extent of the excess value of the land conveyed by the mortgagor. We have, then, to consider whether the trial court was right in finding the evidence conclusively established (a) Cumming's knowledge of the sale to Margaret Smith; (b) the extension of time for payment upon a valid consideration; (c) that defendants did not consent to the extension.

(a) The first correspondence between Cummings and M. F. Smith, the husband of the purchaser of the land, took place a few days before the note became due; and, while the exact condition of the title was not disclosed by these letters, the only reasonable conclusion to be drawn from them is that Cummings knew Smith had some interest in the land, and was accepting the necessity of meeting the note to protect his interest. Therefore, before Cummings agreed to extend payment without the consent of the makers of the

note, it was his duty to ascertain the true situation, and, even if it can be said the evidence did not go far enough to show full knowledge upon his part, it was sufficient to charge him with notice. The fact that the actual title was held by Mrs. Smith is immaterial.

(b) In his letter of March 31, 1908, Cummings offered the extension to July 3, 1908, upon certain conditions, some of which, including the payment of a year's interest, were performed. Smith was not personally liable for this interest. Its payment improved the security held by Cummings, and its payment was a good consideration. Thereafter Cummings treated the extension as having been made, and we conclude the jury would not have been justified in finding the time had not been extended as claimed. Simpson v. Evans, 44 Minn. 419, 46 N. W. 908.

(c) There was no testimony to dispute the statements of the defendants that they had no knowledge of the extension. We therefore conclude the trial court was justified in withdrawing these questions from the jury.

2. The verdict of the jury included a finding that the value of the land over and above the prior incumbrances exceeded the amount of plaintiff's claim. This finding was clearly sustained by the evidence, and every condition necessary to release defendants under the ruling in the Travers case was thus established.

3. Counsel for plaintiff has assigned error because of certain rulings upon the admission of evidence. We find no prejudicial error in any of these. Those having reference to the value of the land were proper. The same is true as to Smith's conduct with reference to the foreclosure of one of the earlier mortgages. Defendants' rights could not be affected by Smith's acts in his negotiations with Cummings unless knowledge thereof was brought home to defendants. The withdrawal of the certificate of foreclosure could not, under the evidence, have prejudiced the plaintiff, although we do not think it would have been error to have permitted it to remain in evidence.

Order affirmed.