# ALBERT C. KUBY v. S. N. RYDER and Others.[1]

April 28, 1911.

Nos. 16,923, 17,067, 17,103—(71, 72, 73).

**Discretion of court.**

The trial court, in denying a motion of applicant for judgment on the pleadings, and in permitting defendant to file an amended answer, acted within its discretion.

**Registration of title — findings of fact and conclusions of law.**

In proceedings to register title to land under the Torrens act the court should make findings of fact and conclusions of law, as in ordinary actions. Owsley v. Johnson, 95 Minn. 168, followed.

**Conclusion not sustained by findings of fact.**

The trial court failed to decide facts that were necessary to support its conclusions of law. *Held*, that the conclusions of law are not justified by the findings of fact, and, the evidence being conflicting, a new trial is granted.

**Review of judgment on appeal.**

A judgment will not be reversed on the appeal of the prevailing party, on the ground that the court failed to make the findings of fact necessary to sustain it.

Application by Albert C. Kuby to the district court for Ramsey county to register title to certain land. The facts are stated in the opinion. Defendants Ryder and Emil C. Kuby answered separately. The application was heard before Orr, J., who found that the premises were in the possession of Chester R. Smith, but whether the possession was under mortgage of defendant S. N. Ryder or under tax certificates, was not adjudged or determined; that the premises were subject to the lien of the mortgage held by defendant Ryder and to the lien of certain local assessment certificates held by defendant Kuby; that Albert C. Kuby was the owner in fee simple of the premises, except the liens upon the same held by defendants Ryder and Kuby, and that none of the defendants had any right to the premises.

[1]Reported in 130 N. W. 1100.

From the judgment and decree, and from the order denying defendant Kuby's motion to enter judgment adjudging applicant to be the owner of the premises, Emil M. Kuby appealed. From the judgment and decree, and from the order of September 17, 1910, denying the motion of applicant for a new trial, and from the order of September 14, 1910, denying applicant's motion to enter judgment adjudging him to be the owner of the premises, Albert C. Kuby appealed. From the judgment, defendant Ryder appealed. Reversed and new trial ordered on appeals of applicant and defendant E. M. Kuby. Affirmed on appeal of defendant Ryder.

*Orr, Stark & Collett* and *John F. Fitzpatrick*, for appellant Ryder.
*William G. White*, for appellants Kuby.

BUNN, J.

Defendant Emil M. Kuby in 1891 owned the land in question. On July 1, 1891, he executed a mortgage thereon to Winnie L. Taylor to secure a note for $4,000, due in three years. This mortgage was assigned to defendant Ryder July 10, 1891. July 14, 1892, Emil M. Kuby conveyed an undivided half of the land to Albert C. Kuby, the applicant, and on May 5, 1893, conveyed to applicant the other undivided half. The debt has never been paid, and no interest has been paid since 1895. Smith & Taylor, real estate agents, made this loan for Ryder, and were his agents in St. Paul. They paid the taxes on the property from 1896 to 1908. In March, 1904, they leased the property to defendant Frank Radant, who occupied it as a woodyard, and continued to remain in possession up to the time of the trial. In August, 1909, Emil Kuby purchased two city certificates for local improvement assessments upon the property, and still owns such certificates. Applicant brought this proceeding to register his title to the land. The application was filed, and the examiner of titles reported that the title was in applicant and proper for registration. Summons was issued and served on the defendants named, among whom was Ryder, the owner of the mortgage.

On September 1, 1909, an answer was filed on behalf of Ryder by F. N. Dickson, as his attorney. In this answer the only plea made to avoid the bar of the statute of limitations was that an extension

agreement had been entered into between the owner of the property and Ryder. Nothing was alleged as to Ryder's being in possession. When the case was called for trial on December 13, 1909, counsel for the applicant moved to strike from the files the answer filed by Mr. Dickson, on the ground that he had not been authorized by Ryder to represent him, and that Orr, Stark & Collett were Ryder's attorneys. Whereupon Orr, Stark & Collett announced that they had associated Mr. Dickson with them in the case, and, upon their signing the answer, the court denied the motion. At the same time, Orr, Stark & Collett, with Mr. Dickson, presented a motion to file an amended answer in behalf of Ryder. This proposed answer was the answer which was filed January 31, 1910, pursuant to an order of the court, and upon which the case was afterwards tried. It set up the defense that Ryder was a mortgagee in possession.

This motion was not heard at the time; but it was agreed that the matter should be taken up at the convenience of counsel at some later date, and the action itself was continued to the January term. On January 18 counsel for applicant notified Orr, Stark & Collett that, if they desired to file an amended answer, it must be served at once. On the same day Ryder's attorneys served on the attorney for applicant an answer, designated in the record as "Exhibit C." This answer alleged that Ryder had never taken possession under his mortgage, but that Smith & Taylor took possession on their own behalf. It stated no defense to the application, but attempted to state a case against Smith & Taylor, asking that they be declared owners of the mortgage, and that Ryder recover from them the amount thereof, with interest. On the same day Orr, Stark & Collett and applicant's attorney entered into a written stipulation, by which it was agreed that Exhibit C might be filed and stand as the answer of Ryder. This answer never was filed.

On January 20 applicant's attorney served notice upon Ryder's attorneys of a motion for judgment on the pleadings to be heard January 29. On January 21 Ryder's attorneys served on the attorney for applicant a written notice that they declined to file Exhibit C as the answer, and demanded the return of the copy thereof. Thereafter, on the same day, applicant's attorney procured an order re-

quiring Ryder to show cause why Exhibit C should not stand as the answer in the case, or, if Ryder elected to withdraw it, why he should not be adjudged in default, and judgment entered against him accordingly. This order to show cause was heard, and on January 27 the court filed an order denying the application. On January 28 the attorneys for Ryder gave notice of a motion, to be heard the 29th pursuant to an order to show cause, to be permitted to file an amended answer for Ryder, being the same answer they had prepared and had given notice of application to be allowed to file on December 13. This motion was heard upon voluminous affidavits, in which all the facts and the history of the proceedings were set forth in great detail, and was granted by the court upon conditions, one of which was that Ryder should pay $25 attorney's fees to applicant's attorney. This was paid and retained, and the amended answer was duly filed on January 31. On the day the above motion was heard, the court also heard and denied applicant's motion for judgment on the pleadings.

Upon the pleadings as so settled by the court, the case was tried. The chief, if not the only, question was as to whether Ryder was in possession of the premises under his mortgage, or whether the possession was that of Smith & Taylor. The court on August 30 filed an opinion or memorandum, in which it was stated that Chester R. Smith took possession of the property in 1904, but "whether under the mortgage or tax certificates is not shown." The court announced its opinion that the mortgage was a valid lien against the property, and that it was superior to the lien of the assessment certificates held by E. M. Kuby, and instructed applicant's attorney to present a formal decree in accordance with the memorandum.

On September 10 the court denied a motion of applicant for judgment that he was the owner free and clear of the mortgage, and also a motion of E. M. Kuby for judgment that the liens of his assessment certificates were superior to the lien of the mortgage. On September 17 applicant's motion for a new trial was denied. On the same day counsel met in the chambers of the judge, and the attorney for the applicant presented a draft of the proposed judgment. After some discussion the court signed the judgment, and

it was filed. By this judgment it is adjudged and decreed that the premises are in the "possession of Chester R. Smith, but whether said possession is under the mortgage of the defendant S. N. Ryder, or under certain tax certificates, is not adjudged or determined by this decree." It was, however, adjudged that Ryder's mortgage was a first lien, and superior to the liens of the assessment certificates.

Applicant appealed from the judgment. Defendant E. M. Kuby also appealed, and later defendant Ryder appealed therefrom.

1. The appeal of Ryder merits no consideration. The judgment was in his favor, and gave him everything he asked, or could in any event be entitled to.

2. The appeal of applicant is not much more difficult to dispose of, in spite of the numerous affidavits, motions, and orders. Counsel insists that he is entitled to a reversal, with instructions to the trial court to enter judgment in applicant's favor, free from the lien of the mortgage. This request is not based upon the merits, but largely, if not wholly, upon the proposition that Exhibit C was the answer in the case, and that the court abused its discretion in permitting Ryder's attorneys to file the answer upon which the case was tried.

We are of the opinion that it was clearly within the discretion of the trial court to permit this answer to be filed, and that it was no abuse of that discretion to make this order, or the orders denying applicant's motions for judgment by default and for judgment on the pleadings. The effect of all these orders was to permit Ryder to make the defense that he took possession of the property under his mortgage, with the consent of the owner, before the mortgage was barred by the statute of limitations, and to permit this question to be tried. It was in furtherance of justice that the court relieved Ryder from being obliged to stand on an answer that made no defense. The relief was granted upon liberal conditions, and applicant accepted payment of the costs imposed. The entire matter of the pleadings was settled, and we think properly settled, by the trial court.

3. Had the trial court made a finding on the vital and only question in the case, we might definitely end this litigation. But the

court expressly stated, both in its memorandum and in the judgment, that it did not find whether the property was in the possession of Ryder under the mortgage, or in the possession of Smith & Taylor under tax certificates. This was really the only question in the case, and it was the duty of the court to decide it. It is true that the court decides that the mortgage is a valid lien, but in view of the finding that the court does not find on the only question of fact that would justify a conclusion on this point, we are wholly unable to say on what facts the court proceeded in arriving at the conclusion that the mortgage was not barred. It clearly was barred unless it was a fact that Ryder was a mortgagee in possession. We cannot assume that this was the fact, when the trial court has expressly failed to find it. This omission to decide the vital issue of fact in the case makes the conclusions of law unsupported by the findings of fact and therefore a new trial is necessary, but we are not warranted in ordering judgment for either party. The evidence was conflicting, and the issue must be tried and decided by the district court.

4. As to the appeal of E. M. Kuby, a difficult, and perhaps a doubtful, question is involved. He purchased his assessment certificates in 1909, after the mortgage became barred by the statute of limitations, if it is so barred. Clearly, if the mortgage is not a valid lien, no question arises as to these certificates. But if it be found that the mortgagee, with the consent, express or implied, of the owner, took possession under his mortgage before it was outlawed, we are not prepared on the record before us to decide whether E. M. Kuby, the mortgagor, could acquire a tax or assessment title or lien against his mortgagee. Clearly he could not until after the mortgage was outlawed.

This is because in the mortgage he agrees to pay taxes and assessments, and he cannot acquire a title or lien against his mortgagee based upon his own default. Allison v. Armstrong, 28 Minn. 276, 9 N. W. 806, 41 Am. Rep. 281. But he could acquire such a title or lien after the mortgage debt is paid, or after foreclosure, or after the mortgage is barred by the statute of limitations. When E. M. Kuby conveyed the mortgaged premises to the applicant, subject to

the mortgage, the land became, as between the mortgagor and his grantee, the primary fund for the payment of the debt. In other words, the relation of principal and surety was created between the land and the mortgagor. Hence, if the mortgagee, with knowledge of the conveyance, gives a binding extension of time to the grantee without the consent of the mortgagor, the latter is released to the extent of the value of the land. Travers v. Dorr, 60 Minn. 173, 62 N. W. 269.

Counsel for applicant argues that this rule is applicable here; that if the mortgagee took possession with the consent of the grantee, it operated as an agreement between them to extend the mortgage; and that E. M. Kuby, the surety, did not consent to the extension and was therefor released. We are not prepared to say that the conclusion would follow that he would be released from his obligation to pay taxes and assessments under the conditions of the mortgage, even if there was a finding, or the evidence was conclusive that he did not consent to the extension; but it is quite clear that if he did consent he is not released. There is no finding on this point, and the evidence does not show conclusively that E. M. Kuby did or did not consent by implication to whatever agreement there was under which Smith & Taylor took possession, either for Ryder or for themselves. This question must be tried again, and findings of the material facts made by the trial court.

This case well illustrates the wisdom of requiring the court to make findings of fact and conclusions of law in title registration cases. We could finally dispose of this case, had the trial court followed the rule announced in Owsley v. Johnson, 95 Minn. 168, 103 N. W. 903, that, where issue is joined in proceedings under the Torrens act, findings of fact and conclusions of law should be made as in ordinary actions.

Our conclusion is that there must be a new trial of the issues as between applicant and defendant Ryder, and as between defendant E. M. Kuby and defendant Ryder.

Reversed, and new trial ordered, on appeals of applicant and defendant E. M. Kuby. Affirmed, on appeal of defendant Ryder.