## CITIZENS STATE BANK OF HERSCHER, ILLINOIS, v. HENRY H. PETERS AND ANOTHER.[1]

February 7, 1930.

No. 27,704.

*Sasse, French & Dunnette,* for appellant.

*H. H. Bonniwell, Jr.* and *Streissguth & Fordyce,* for respondents.

STONE, J.

In this action on a promissory note against the makers, the trial without a jury resulted in a decision for defendants. Plaintiff appeals from the judgment.

Defendants gave the note for $7,000 to one Adams March 7, 1914. It was thereafter indorsed to plaintiff, an Illinois bank. The note was secured by mortgage on a quarter section in Mower county in this state and evidenced a portion of the purchase price of the land, which was by the mortgagee conveyed to defendants concurrently with their execution of note and mortgage. Late in 1915 defendants resold the farm to L. A. Kunz and G. H. Steinhilber, conveying to each an undivided one-half interest therein. Each grantee assumed and agreed to pay one-half of the mortgage debt evidenced by the note in suit. Of that transaction plaintiff was fully informed as early as 1921. The note matured March 1, 1924. In that year Mr. Steinhilber died. Without any agreed extension the

[1]Reported in 229 N. W. 129.

note was permitted to run on for two years. Then no more interest was forthcoming from the Steinhilber estate. Kunz, who up to that time had been paying only half of the interest, was asked to pay the whole. June 8, 1926, he wrote plaintiff of his efforts to procure a new loan, stating that the largest one he could get would be for $5,500 and asking plaintiff to carry $1,500 on a second mortgage. In answer, June 10, plaintiff declined the offer of the second mortgage, made a counter proposition and offered an extension to March 1, 1927, if Kunz would pay personally, upon the terms specified, the delinquent interest. It is immaterial that the amount of the interest then demanded might have been less than the whole sum due. It was considerably more, in any event, than was due from Kunz under his assumption agreement to pay one-half of the debt. Kunz accepting the offer and making the payment stipulated for, $393.65, plaintiff extended the note to March 1, 1927.

The value of the land is found to be in excess of the mortgage debt. So we may put aside the express assumption of the latter by Kunz and Steinhilber. It is enough that the conveyance was subject to the mortgage. Thereby the land became, as between defendants and their grantees, the "primary fund" for the payment of the mortgage debt, and defendants mere sureties for its payment. If in such case the mortgagee or his assignee with knowledge of the conveyance gives a binding extension of the time for payment, without the consent of the mortgagor, the latter is released to the extent of the value of the land. Travers v. Dorr, 60 Minn. 173, 62 N. W. 269; Marshall & Ilsley Bank v. Child, 76 Minn. 173, 78 N. W. 1048; Sime v. Lewis, 112 Minn. 403, 128 N. W. 468; Kuby v. Ryder, 114 Minn. 217, 130 N. W. 1100.

It was upon that ground that the decision below went against plaintiff. It is well sustained by the evidence. Defendants did not consent to the extension given by plaintiff to Kunz. His payment of more than half the interest then delinquent was sufficient consideration for the extension of time granted by plaintiff. The conclusion that defendants were thereby discharged cannot be disturbed on this record.

Judgment affirmed.