# NELLIE L. ALLEN v. TOWNSEND W. HOOPES.[1]

June 30, 1933.

No. 29,477.

*Baldwin, Holmes, Mayall & Reavill,* for appellant.

*Alford & Hunt,* for respondent.

[1]Reported in 249 N. W. 570.

*OLSEN, Justice.*

Plaintiff appeals from an order sustaining a demurrer to her complaint.

The complaint alleges that on July 12, 1922, one Rose Bloom and David J. Bloom, her husband, executed and delivered to plaintiff their promissory note in the amount of $1,200, due July 12, 1925, with interest payable semi-annually at the rate of six per cent per annum, principal and interest payable in gold coin at the office of the Duluth Herald, Duluth, Minnesota. To secure payment thereof Rose Bloom and husband executed and delivered to plaintiff a real estate mortgage on a lot in Duluth, then owned by Rose Bloom, which mortgage was duly recorded. Thereafter in October, 1924, Rose Bloom and husband conveyed the lot by special warranty deed to the defendant, Townsend W. Hoopes. The deed made no reference to the mortgage. On August 3, 1925, after the note and mortgage were due, plaintiff and defendant, Townsend W. Hoopes, entered into an agreement extending the time of payment of the note and mortgage in words and figures as follows:

"Memorandum of Agreement, entered into this 3rd day of August, 1925, between T. W. Hoopes, party of the first part, and Nellie L. Allen, party of the second part, Witnesseth:

"Party of the first part, owner of the real estate covered by the mortgage hereinafter described, and party of the second part, owner of the note and mortgage hereinafter described.

"Now, Therefore, party of the first part for value received and in consideration of the extension of time of payment, by party of the second part, of the note and mortgage herein referred to, hereby agrees with party of second part that a certain note, dated July 12th, 1922, for the sum of twelve hundred dollars ($1,200.00), due on the 12th day of July, 1925, executed by Rose Bloom to Nellie L. Allen and of the mortgage securing the same, which said mortgage is recorded in the office of Register of Deeds of St. Louis County, Minnesota, in book 464 of Mortgages, on page 131, that the time of payment of the principal of said note be, and hereby is, extended, together with the mortgage securing the same, to the 12th day of

July, A. D. 1928, with interest at the rate of six per cent (6%) per annum, payable semi-annually, according to the conditions of six coupons of even date herewith, executed by said party of the first part, and numbered from one (1) to six (6), inclusive; said principal note and interest, when due, to be paid in gold coin of the United States of the present standard of weight and fineness, with current rate of exchange on New York, and party of the first part agrees not to require the holder of said note to accept payment thereof, except as herein provided.

"And it is expressly understood and agreed that nothing herein contained shall be construed to impair the security of said party of the second part or her assigns under said mortgage, or to affect or impair the lien on the real estate therein described, which said part... of the second part ha... by virtue of said mortgage, nor affect or impair any rights or powers, which she may have under said note and mortgage in case of non-fulfillment of this agreement, or of any of the provisions hereof, or of any provisions of said mortgage; and

"Further, that all the terms and conditions of said mortgage, except as to the time of payment of said principal sum, Twelve Hundred (1200.00) shall be and remain in full force and effect, and that subject to the conditions aforesaid, the maturity of said mortgage as well as the debts secured thereby, is hereby expressly extended to the time aforesaid.

"In Witness Whereof, the said parties of the first and second part have hereunto set their hands and seals, this 3rd day of August, 1925.

"T. W. Hoopes (Seal)
"Nellie L. Allen (Seal)"

On May 23, 1929, after the expiration of the time of payment as extended by the foregoing agreement, the plaintiff and defendant entered into another agreement extending the time of payment of the note and mortgage to July 12, 1932, and containing the same terms as the first agreement above set forth. Defendant paid the interest on the note and mortgage to July 12, 1932. The principal

of the note and mortgage was not paid. Shortly after July 12, 1932, plaintiff brought this suit to recover of defendant, Hoopes, the principal of said note and mortgage and interest thereon from and after July 12, 1932. Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and the demurrer was sustained by the trial court.

The question presented is whether, as claimed by the plaintiff, the defendant, by these extension agreements, assumed and agreed to pay the principal on the note in question so as to become personally liable for the debt. The conveyance of the property by the mortgagors in this case imposed no personal liability on the defendant. It did not convey the lot subject to the mortgage nor mention the mortgage.

■ Personal liability to pay a mortgage debt, on the part of a grantee from the mortgagor, is created only by his distinct assumption of the mortgage debt, contained either in the conveyance to the grantee or independent thereof. 41 C. J. p. 717, § 757; Hibernia S. & L. Society v. Dickinson, 167 Cal. 616, 140 P. 265; Nicholson v. Nicholson C. Co. 190 Ill. App. 607; Swarthout v. Shields, 185 Mich. 427, 152 N. W. 202.

The trial court held that the extension agreements did not show any distinct agreement to pay the note or mortgage debt. We concur with the trial court in that holding.

■ An agreement to pay interest and payment thereof does not impose liability to pay the principal. Macfarland v. Utz, 175 Ill. App. 525; Crebbin v. Shinn, 19 Colo. App. 302, 74 P. 795.

■ Defendant having taken a deed imposing no personal liability on him to pay the mortgage, and having in the extension agreements carefully refrained from making any distinct agreement to assume or pay the mortgage debt, the complaint fails to state facts sufficient to constitute any assumption or agreement by him to assume the payment of the debt.

■ It is urged that the provision of the extension agreements, that the note "when due, to be paid in gold coin * * * with current rate of exchange on New York," and the further provisions

thereof that nothing therein shall impair plaintiff's security or lien on the real estate, nor affect or impair any rights or powers which she may have under said note and mortgage, constitute an agreement to assume and pay the mortgage debt. These provisions are followed by the further provision that all the terms and conditions of the mortgage, except as to time of payment of said principal sum of $1,200, shall be and remain in full force and effect. We find no distinct assumption of the mortgage debt in these provisions.

■ The original note is payable in gold coin but contains no provision for payment of exchange, but the statement in the agreements that the note "when due, to be paid  *  *  *  with current rate of exchange on New York" is a recital and not a distinct promise to pay. Had it been intended to impose on defendant liability for the mortgage debt, that could have been readily stated in the agreements in a few words. Instead of that, the agreements appear carefully to avoid so stating. The agreement construed in Crebbin v. Shinn, 19 Colo. App. 302, 74 P. 795, was similar in effect to the agreements here involved.

■ It is urged that by these agreements the plaintiff may have released her rights to recover from the mortgagors. In this state, if these extension agreements were made without the knowledge and consent of the mortgagors, the mortgagors were released from personal liability to the extent of the value of the mortgaged property. Travers v. Dorr, 60 Minn. 173, 62 N. W. 269; Citizens State Bank v. Peters, 179 Minn. 330, 229 N. W. 129; Jefferson County Bank v. Erickson, 188 Minn. 354, 247 N. W. 245. The complaint does not allege the value of the property and is silent as to whether the mortgagors consented to the extensions. On the record here presented, plaintiff is presumed to have known the effect of the extension agreements on her rights.

Order affirmed.