**FIRST TRUST COMPANY, INC., (formerly known as First Trust Company of St. Paul), as Trustee Under an Indenture of Trust dated as of December 1, 1979, Between the City of Saint Paul, Minnesota, acting by and through its Housing and Redevelopment Authority and such Trustee, Appellant,**

v.

**Robert H. LEIBMAN, et al., Defendants,**

**Kenneth E. Keate, Respondent.**

**No. C6–88–1168.**

Court of Appeals of Minnesota.

Oct. 18, 1988.

Review Granted Dec. 16, 1988.

Douglas Peine, St. Paul, Timothy Paul Brausen, Minneapolis, for appellant.

Kenneth E. Keate, St. Paul, pro se.

Considered and decided by NORTON, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

Kenneth E. Keate defaulted on his mortgage in October 1986, at which time the mortgagee, First Trust Company, commenced foreclosure proceedings. After an order granting summary judgment to the mortgage company on February 23, 1988, Keate attempted to reinstate his mortgage. When First Trust rejected the tender as insufficient, Keate successfully moved to amend the judgment and determine the amount necessary to reinstate. First Trust appeals the amended order, seeking clarification of Minn.Stat. § 580.30. First Trust also appeals the amended order striking the personal judgment against Keate. Keate seeks review of 24 issues relating to the two orders. We affirm in part, reverse in part and remand.

## FACTS

This appeal arises from a mortgage chronically in default since 1983. Kenneth E. Keate and Thomas G. Kohls bought a home in St. Paul from Robert H. Leibman by contract for deed on November 25, 1981. First Trust Company, Inc., held the mortgage on the property. Keate admitted in the pleadings that under the terms of the contract for deed, he and Kohls assumed and agreed to pay the mortgage.

In February 1983 Kohls moved out of the house, apparently owing Keate a significant amount of money. Later, Leibman assigned the vendor's interest in the contract for deed to J. Raybould and Martha Keate, Kenneth Keate's parents. Neither Kohls nor the senior Keates have been involved in any of the negotiations with First Trust.

Keate defaulted on his mortgage payments and First Trust commenced foreclosure proceedings. On February 29, 1984, Keate reinstated the mortgage in full. Since that time, however, he has contested the amount required for reinstatement, claiming that he was overcharged for attorney's fees and abstracting costs. First Trust commenced foreclosure proceedings again in August 1985. Keate continued to protest the amount that he was required to submit. He reinstated the mortgage in October 1985 "under protest."

The foreclosure proceedings which gave rise to this action commenced in October 1986, after Keate again failed to make installment payments. First Trust moved for summary judgment on November 17, 1987. Keate counterclaimed, asking the court to dismiss First Trust's claims with prejudice and determine the exact amount due to reinstate the mortgage. Keate asserted that the notice to the parties was improper, that he was illegally charged abstracting costs, attorney's fees, and other miscellaneous costs, and that the mortgage company could not require that reinstatement payments be made by certified check, which cost him $3 per payment.

The court granted the motion for summary judgment on February 23, 1988, satisfied that "any factual disputes between the parties involve[d] collateral or irrelevant matters." In that same order the court dismissed Keate's counterclaims with prejudice and ordered judgment for First Trust in the amount of $67,827.86 plus $1,000 in attorney's fees and $529.43 in costs and disbursements. The court ordered the property sold to satisfy the judgment.

On March 20 Keate tendered to First Trust $12,723.63, which he deemed sufficient as full payment for reinstatement of

the mortgage according to a nine-page analysis of the statutory requirements of Minn.Stat. § 580.30. First Trust rejected the tender as insufficient on March 23, advising Keate that the amount required to reinstate the mortgage would be $16,081.82.

Keate timely moved to amend and clarify the judgment and to determine the amount necessary to reinstate the mortgage. By order on April 27, 1988, a different judge amended the judgment to strike Keate's personal liability. Further, the court determined that the amount necessary to reinstate the mortgage was $12,034 plus costs of publication, service of process, filing fees, other costs and disbursements actually mentioned in the statute, taxes, and per diem interest in the amount of $18.476 per day. The court also specified the amount necessary for a supersedeas bond in order to stay all proceedings. Keate complied with the terms required for the supersedeas bond, and the court stayed the sheriff's sale of the property pending appeal.

## ISSUES

1. Did the trial court err in determining that under Minn.Stat. § 580.30 respondent needed to tender only the amount due at the commencement of the foreclosure proceedings and not the additional arrearages accumulated since the commencement of the suit?

2. Did the trial court err in striking the personal judgment entered against Keate?

3. Was it an abuse of discretion for the trial court to reduce a foreclosing mortgagee's attorney's fees by one half?

4. Did the trial court err in its determination that inspection and abstract fees were not recoverable by the mortgagee upon mortgage reinstatement?

## DISCUSSION

### I

■ Minn.Stat. § 580.30 (1986) grants every property owner the right to reinstate a mortgage after the commencement of foreclosure proceedings and prior to the sale of the property. The statute reads in part:

> In any proceedings for the foreclosure of a real estate mortgage * * * if at any time before the sale of the premises under such foreclosure the mortgagor * * * shall pay or cause to be paid to the holder of the mortgage * * * the amount actually due thereon and *constituting the default actually existing in the conditions of the mortgage at the time of the commencement of the foreclosure proceedings,* including insurance, delinquent taxes, if any, upon the premises, interest to date of payment, cost of publication and services of process or notices, attorney's fees not exceeding $150 or one-half of the attorney's fees authorized by section 582.01, whichever is greater, together with other lawful disbursements necessarily incurred in connection with the proceedings by the party foreclosing, then, and in that event, the mortgage shall be fully reinstated and further proceedings in such foreclosure shall be thereupon abandoned.

Minn.Stat. § 580.30 (emphasis added).

First Trust argues that a literal interpretation of the reinstatement statute creates an absurd and unjust result which the legislature could not have intended. It contends that requiring only payment of sums owed up to the date of the commencement of the foreclosure proceedings allows a defaulting mortgagor to remain significantly in default. The mortgagee would have to begin new proceedings immediately for any additional amount in default, wasting legal and judicial resources.

Keate argues that the words of the statute are clear and must be given effect. We agree. Minn.Stat. § 645.16 (1986) states:

> When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

In the absence of any ambiguity in the express language of a legislative enactment, the court is not permitted to resort to extrinsic aids to determine legislative intent. *Feick v. State Farm Mutual Auto-*

*mobile Insurance Co.,* 307 N.W.2d 772, 775 (Minn.1981); *see also Christopherson v. Federal Land Bank of St. Paul,* 388 N.W.2d 373, 374 (Minn.1986). The legislature and not the court is the appropriate vehicle for rewriting a statute. *Kealy v. St. Paul Housing & Redevelopment Authority,* 303 N.W.2d 468, 474 (Minn.1981).

The language of section 580.30, when read literally, does create problems for a mortgagee with a mortgagor who is chronically in default. It is not, however, ambiguous or unclear. First Trust argues for a construction of the statute which would require this court to ignore the words "at the time of the commencement of the foreclosure proceedings." We will not ignore the express language of a statute. In order to reinstate his mortgage, Keate must tender to First Trust only the amount constituting the default on October 30, 1986, the date the foreclosure proceedings were commenced by service of the summons and complaint.

## II

■ The amended order of April 28, 1988, struck the personal judgment entered against Keate. First Trust argues that Keate is personally liable for payment of the mortgage because he assumed and agreed to pay the mortgage which he and Kohls took by contract for deed from Leibman. Keate argues that there is no evidence of any assumption and that the contract was with Leibman, not First Trust.

A grantee is personally liable for payment of a mortgage on the land transferred when he agrees to assume and pay the mortgage. *Pelser v. Gingold,* 214 Minn. 281, 285, 8 N.W.2d 36, 39 (1943). Evidence of the assumption may be contained in the conveyance itself or it may be implied. *Allen v. Hoopes,* 189 Minn. 391, 394, 249 N.W. 570, 572 (1933).

In his answer, amended answer, and in a deposition, Keate admitted that he and Kohls had "assumed and agreed to pay the mortgage." Keate has made all of the payments pursuant to the mortgage since his assumption directly to First Trust, not to Leibman, and he has reinstated his mort-

gage twice before without raising an issue of personal liability.

Given both Keate's admissions and the history of his dealings directly with First Trust, assumption of the mortgage debt is present as a matter of law. We order reinstated his personal liability on the mortgage.

## III

In the summary judgment order, the trial court awarded First Trust $1,000 in attorney's fees, specifically stating that this was "a fair and reasonable amount for the work involved." The amended order further reduced the attorney's fees award to $500. Both parties contest the award.

Minn.Stat. § 580.30 allows the mortgagee to recover additional costs incurred in proceeding to foreclosure. Among the costs specifically provided for in the statute are

attorney's fees not exceeding $150 or one-half of the attorney's fees authorized by section 582.01, whichever is greater * * *.

Minn.Stat. § 580.30 (1986).

Section 582.01, subd. 1 (1986), states:

The mortgagor may, in the mortgage, covenant to pay or authorize the mortgagee to retain an attorney's fee in case of foreclosure.

Subdivision 2 provides that "the court shall establish the amount of the attorney's fee in case of foreclosure by action." Minn. Stat. § 582.01, subd. 2 (1986).

Paragraph 18 of the original mortgage which Keate assumed specifically provides for the collection by the mortgagee of all "reasonable costs and expenses" incurred in exercising its power of sale in the event of a breach "including, but not limited to, reasonable attorney's fees." The foreclosure in this case proceeded by action, and therefore First Trust has a right to collect such attorney's fees as may be established by the court under section 582.01, subd. 2. The order of March 8, 1988, established those reasonable attorney's fees. The court amending the order did not abuse its discretion when it further re-

duced those fees by half pursuant to section 580.30.

## IV

■ The amended order of April 27, 1988, found that section 580.30 did not require that Keate pay inspection and abstract fees to reinstate his mortgage. We disagree. The statute provides for recovery of "other lawful disbursements necessarily incurred in connection with the proceedings by the party foreclosing." Minn. Stat. § 580.30 (1986). Further, paragraph 19 of the mortgage which Keate admitted to having assumed states that one of the requirements of reinstatement is that the borrower shall pay all reasonable expenses incurred by the lender in enforcing the remedies for breach. When Keate assumed the mortgage he covenanted that he would be responsible for reasonable costs incurred in the event of foreclosure. Inspections of the property being foreclosed and of the title to the property are necessary to the foreclosure process; they are standard commercial practices. Therefore, Keate must reimburse First Trust for the inspection and abstract fees incurred prior to March 20, 1988, the date of his tender which the mortgage company wrongfully rejected.

## V

Keate claims standing to contest the notice to Kohls, which he asserted was insufficient to commence the original foreclosure proceedings in 1984, therefore invalidating subsequent proceedings. We agree with the trial court, which found that Keate lacked standing to assert Kohls' claims. Keate raises numerous other issues on appeal that we find to be singularly without merit.

Both parties also raise the issue of a miscalculation in the figures of the amended order. We remand to the trial court for a recalculation, consistent with this opinion, of the sum owed by Keate for the reinstatement of his mortgage, under Minn. Stat. § 580.30. We also deny both parties attorney's fees on appeal.

## DECISION

We affirm the trial court's decision that Keate need tender only the amount due at the time of the commencement of the foreclosure proceedings on October 30, 1986. The award of attorney's fees to First Trust is also affirmed. We reverse on the issue of inspection and abstract fees due First Trust. Keate must pay those incurred prior to March 20, 1988, the date of adequate tender to reinstate the mortgage. Keate's personal liability on the mortgage is ordered reinstated. Finally, we remand to the trial court for an exact calculation of the sum Keate must pay in order to reinstate his mortgage.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.