EDGAR P. INGLEE *vs.* HENRY T. WELLES *et al.*

Argued Jan. 13, 1893.    Decided May 3, 1893.

**Jurisdiction of "Parties Unknown."**

    Under Laws 1881, (Ex. Sess.) ch. 81, the fact that the named defendant was dead when the action was commenced will not prevent the court from acquiring jurisdiction to determine the rights of "other persons, or parties unknown," claiming an interest in the real estate described in the complaint.

**Affidavit to Publish Summons.**

    Other objections to the affidavit for publication *held* not well taken.

Appeal by Wilber B. Godding and William A. Godding from an order of the District Court of Hennepin County, *Thomas Canty*, J., made September 17, 1892, denying their motion to open a judgment and permit them to defend.

On August 20, 1887, the plaintiff, Edgar P. Inglee, commenced an action in the District Court of Hennepin County against Henry T. Wells, Delia W. Godding and all other persons or parties unknown, claiming any right, title, estate, lien or interest in Lot twelve (12) in Block twelve (12) in Lennon & Newell's Addition to St. Anthony. The action was brought under 1878 G. S. ch. 75,

§ 2, and Laws 1881, (Ex. Sess.) ch. 81, to determine the adverse claims to the lot. The plaintiff held tax titles to it. The summons and notice of *Lis Pendens* were published six weeks in the Saturday Evening Spectator. On October 1, 1887, the printer made affidavit that the District Court Summons, a printed copy of which is attached, was printed and published in said newspaper for six successive weeks, commencing on Saturday, August 27, 1887. Attached to the affidavit was a printed copy of the summons and of the notice of *Lis Pendens,* cut from a newspaper. The name of Henry T. Wells was, on motion, stricken out of the case. he having sold his tax certificate to plaintiff after the action was commenced. On October 29, 1887, the court made findings in which it was stated that it had been made to appear to the satisfaction of the court by due and sufficient proofs, that due legal service of the summons in the action, together with notice of *Lis Pendens,* was had by publication pursuant to the order of the court, and that all the defendants were nonresident except Wells. On the same day judgment was entered in which it was also recited that due service by publication of the summons and notice of *Lis Pendens* had been made, pursuant to an order of the court, and adjudging plaintiff to be the owner of the lot.

On August 5, 1892, Wilber B. Godding and William A. Godding filed their affidavit stating that Delia W. Godding died intestate in September, 1861, seized in fee of the lot; that they were her only heirs at law, and had always resided at East Burke, Vermont, and did not hear, or have notice, of the pendency of this action until July 20, 1892. They moved the court to vacate the judgment and permit them to answer and show the invalidity of plaintiff's tax titles and to redeem the lot. The motion was denied and they appeal.

*Little & Nunn,* for appellants.

*C. G. Laybourn* and *Kellogg & Laybourn,* for respondent.

PER CURIAM. We are of the opinion that the proof of publication of the notice of *lis pendens* with the summons is sufficient; also, that the nature of the action, and the nonresidence of the named defendant, Delia W. Godding, sufficiently appeared from the affidavit for publication.

We are also of opinion that the mere fact that the named defendant was dead before the action was brought did not prevent the court from acquiring jurisdiction to determine the right of "persons or parties unknown" claiming an interest in the land described in the complaint.

These being all the objections to the judgment that are urged by the appellants, the order appealed from must be affirmed.

(Opinion published 55 N. W. Rep. 117.)