LOUIS McCLYMOND v. DAVID P. NOBLE and Others.[1]

November 8, 1901.

Nos. 12,701, 12,758—(56, 57).

### Adverse Claims.

In an action against unknown persons and parties to determine adverse claims to real estate, under G. S. 1894, § 5818, *held*:

### Publication of Summons—Order of Court.

1. No order of the court for the service of the summons by publication is necessary.

### Jurisdiction of Court.

2. The fact that the named defendant, who appeared of record to have some interest in the land, was dead when the action was commenced, did not prevent the court from acquiring jurisdiction, nor did the fact that one of the unknown parties was at the time a resident of the state affect the jurisdiction of the court to adjudicate the state of the title to the land.

### Motion to Vacate Judgment.

3. The trial court did not abuse its discretion in denying the motion of the grantee of such unknown party to vacate the judgment and permit him to answer.

[1] Reported in 87 N. W. 838.

Action in the district court for Traverse county to determine adverse claims to land in possession of plaintiff. Judgment by default was duly entered in favor of plaintiff. Thereafter Aaron T. Noble appeared specially and moved to vacate the judgment; and W. E. Harrington moved to open the judgment and for permission to defend. From separate orders, Flaherty, J., denying their respective motions, Aaron T. Noble and W. E. Harrington severally appealed. Orders affirmed.

A. J. Finnegan, for appellants.

F. W. Murphy and W. H. Townsend, for respondent.

START, C. J.

This is an action to determine adverse claims to a tract of eighty acres of land in the county of Traverse, brought June 26, 1899, pursuant to the provisions of G. S. 1894, § 5818, against David P. Noble, the person who appeared by the record to have some interest in the land, and also against all other persons or parties unknown claiming any right, title, or interest therein or lien thereon. Notice of lis pendens was made and recorded in the office of the register of deeds of the proper county, and published with the summons in the action. An affidavit for the publication of the summons was duly made and filed, and the sheriff of the proper county made return upon the summons that none of the defendants could be found in his county, but no order for the publication of the summons was ever made by the court. Other than as stated, the summons was never served on any of the defendants. Judgment by default for the plaintiff was entered December 28, 1899.

On February 18, 1901, Aaron T. Noble, herein designated as the defendant, the sole heir at law of David P. Noble, appeared specially, and moved the trial court to vacate the judgment on the ground that the court had no jurisdiction to enter the same. Upon the hearing of the motion the following additional facts were established: David P. Noble died intestate in the state of Wisconsin, April 2, 1892, leaving him surviving, as his only heir at law and next of kin, the defendant, who for thirty years last past has resided in the city of Mankato, this state, but it did not

appear that this fact was known to the plaintiff prior to the making of the motion. The defendant had no knowledge of this action until December 31, 1900. The trial court on February 23, 1901, by its order of that date, denied the motion, and the defendant appealed therefrom.

The first reason urged by the defendant why the court was without jurisdiction in the premises is that no order for the publication of the summons was ever made by the court. None was required, for this is an action against the party who appeared of record to have some title to the land, and also against all other persons or parties unknown claiming any interest therein, and the statute authorizing the action expressly provides that the service of the summons may be made by publication, as provided by law in case of nonresident defendants. In such a case no order of the court for the service of the summons by publication is or has for the last thirty years been necessary, unless otherwise expressly provided by law. G. S. 1894, § 5204; Easton v. Childs, 67 Minn. 242, 69 N. W. 903.

It is also urged that the court acquired no jurisdiction in this case because the only party indicated by his name in the summons, David P. Noble, had been dead nearly eight years when the action was commenced, and no jurisdiction to bind the interest of the defendant, his sole heir, could be acquired by the service of the summons by publication. The fact that the named defendant in the summons was dead when the action was commenced did not prevent the court from acquiring jurisdiction to determine the rights of other persons or parties unknown, claiming an interest in the land described in the lis pendens. Inglee v. Welles, 53 Minn. 197, 55 N. W. 117.

Nor did the fact that the defendant was a resident of the state when the action was begun, and that the summons was served only by publication, affect the jurisdiction of the court over the land, and its power to award the judgment in question. This question was exhaustively considered in the case of Shepherd v. Ware, 46 Minn. 174, 48 N. W. 773, and decided adversely to the contention of the defendant. This court held in that case, distinguishing Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, that

the action authorized by G. S. 1894, § 5818, is in the nature of a proceeding in rem, the subject-matter of which is the adjudication of the state of the title of the land within the jurisdiction of the court. Therefore the provisions of the statute for the service of the summons upon unknown claimants were constitutional and valid. No other substantial objections to the judgment were made on the argument of the appeal, and it follows that the trial court was right in refusing to vacate it on the ground that it had no jurisdiction to enter it.

After the district court had refused to set aside the judgment on the motion of Aaron T. Noble, as stated, and on April 2, 1901, Wm. E. Harrington, hereafter designated as the appellant, gave notice of a motion to be heard April 15, 1901, to open the judgment, and to be permitted to answer the complaint in this action. The grounds of the motion, as stated in the notice, were to the effect that the appellant was the owner in fee of the premises described in the complaint; that the plaintiff's title was based upon a tax title, which was void and subject to redemption; and, further, that justice and equity required that the judgment be opened, and the appellant be permitted to answer, and have the action tried on its merits. The court made its order denying this motion, from which the appellant appealed.

The only facts stated by the appellant in his affidavit in support of the motion were that he was the owner of the land in question, having purchased it from Aaron T. Noble, the heir at law of David P. Noble, deceased, and paid a valuable consideration therefor; that the only claim the plaintiff had to the land was based on tax certificates which were void and subject to redemption; that he had a good defense to the action on the merits; and that immediately on acquiring title to the land he employed an attorney to make a motion for leave to answer. But as to when he acquired his supposed title, or when he first learned of the judgment,—matters within his personal knowledge,—he was silent. It appears, however, from the affidavit of his attorney used in support of the motion, that Aaron T. Noble conveyed his interest in the land to appellant after the former employed an attorney to get the judgment vacated as void. It also appears from Aaron

T. Noble's affidavit, also used on the motion, that he did not learn of the judgment prior to December 31, 1900.

Now, waiving the question as to the sufficiency of the notice of motion, we are of the opinion that the trial court was justified, in the exercise of a fair discretion, in denying the appellant's motion on the ground that he failed to show proper diligence in making it after he or his grantor first learned of the judgment. But this is not all. The appellant asserted as one of the reasons why he should be permitted to answer that the plaintiff had no title to the land except a void tax title. The plaintiff on the hearing met this issue by showing that he was in fact the honest and equitable owner of the land, it having been entered as a soldier's additional homestead, for which David P. Noble had been paid.

The trial judge, upon the whole record, may well have concluded that the appellant, or some "prowling assignee" by the use of his name, was seeking, by a technicality, to deprive the plaintiff of his land. In any event, we are of the opinion that the court properly exercised its discretion in denying the motion.

If follows that both orders appealed from in this case must be and are affirmed.