THOMAS H. BROWN v. FRED J. HAGADORN and Others.[1]

December 6, 1912.

Nos. 17,777—(104).

**Registration of title to land — person acquiring interest pendente lite.**
Under R. L. 1905, § 3395, providing that where a person acquires an interest in land, pending proceedings to register the title thereof, and prior to the entry of decree, he must appear and answer in such proceedings "at once," persons who delayed more than six months after actual notice of proceedings to register the title to certain land, before making application for permission to answer in such proceedings in order to assert interests alleged to have been acquired pendente lite, were not entitled to answer as a matter of right, R. L. 1905, § 3396, having no application to such a case.

**Discretion of trial court.**
The trial court *held*, in such case, not to have abused its discretion in denying the application for leave to answer.

Application to the district court for Crow Wing county to register title to certain land. The facts are stated in the opinion. From an

[1] Reported in 138 N. W. 941.

order, McClenahan, J., discharging the order to show cause and denying the application of William H. McGrath, James E. McGrath and Robert W. McGarry, for leave to answer and defend in that proceeding, and from the rulings, decisions and orders adverse to them, they appealed. Affirmed.

*Jay Henry Long,* for appellants.

*Edward C. Stringer, McNeil V. Seymour* and *Edward S. Stringer,* for respondent.

PHILIP E. BROWN, J.

Appeal by William H. McGrath, James E. McGrath and Robert W. McGarry from an order of the district court for Crow Wing county, denying their application for leave to answer in the matter of the application of Thomas H. Brown to have registered the title to certain lands therein, under the provisions of R. L. 1905, c. 65.

The motion was presented solely upon affidavits and documentary evidence, from which it appears, without controversy, that the applicant was on March 10, 1911, the record owner of the lands in question, and on that day filed an application for the registration thereof. The matter was duly referred to the examiner, who, on March 28, reported that the land was vacant and unoccupied, and while the applicant's title was proper for registration, yet certain parties not concerned in the present litigation should be joined as parties to the proceedings. Neither Fred Hagadorn, under whom the appellants claim, nor the appellants were mentioned therein. On April 7, the summons issued in the proceedings, and was served on all of the parties mentioned in the report of the examiner, and on June 8 all parties defendant, except those mentioned as not being material, were in default. On August 4, 1911, the appellants and Fred T. Hagadorn entered into a contract, reciting substantially that he was the owner of the land which is the subject of this action, but that his title was being attacked and litigation thereof was threatened by certain parties claiming pretended title thereto, and he was desirous of obtaining money and legal assistance to defend his title, if required so to do, and therefore he sold and agreed to convey to appellants by warranty deed an undivided two-thirds of the prem-

ises, agreeing to continue living on and improving and cultivating the premises as formerly, care for appellants' interests, fence the premises, if required to by appellants, see to the survey, and to care for the appellants' interests in all ways; that, should his title be now in dispute or disputed at any time hereafter, he would prosecute his defense in such case to his utmost ability, and by all honorable means defend the same, and that he would remain upon the premises as an ordinary dweller thereon, as formerly, until his title was adjudicated and settled; and, furthermore, that he would co-operate with the appellants in the defense of the title and obtain all necessary witnesses, etc.; the contract also provided that the appellants would pay Hagadorn $200 upon the execution and delivery of a warranty deed well and truly conveying the above described premises, $100 on the first day of January, 1912, and a like sum on April 1, and July 1, thereafter; and that they should aid, assist, and advise in any litigation, pay legal expenses, expenses of survey and material for fencing the premises, if fencing was thought necessary. On the following day William H. McGrath, one of the appellants, advised the applicant's attorneys that he represented Hagadorn, who, he alleged, was the owner of the land by adverse possession, and requested a stipulation permitting him to interpose an answer for Hagadorn. No action was taken upon this request. On October 27, 1911, upon the applicant's petition, Hagadorn was made a party to the proceedings, and on the following day a supplemental summons was issued, which was served on him on October 30. On November 2, 1911, Hagadorn executed a warranty deed to the appellants for two-thirds of the premises, which deed was not recorded until March 13, 1912. Hagadorn answered in the proceedings by his attorneys McGrath & Cary, said McGrath being William H. McGrath, one of the appellants, on November 20, 1911, setting up title in himself in fee to all the lands in controversy by adverse possession. On November 23, 1911, the said attorneys, in behalf of Hagadorn, moved to dismiss the application for registration, and also moved to submit issues joined therein to a jury. Attached to the first motion referred to was an affidavit made by Hagadorn to the effect that he was the owner of the premises. Both motions were denied January 18, 1912. On February 17,

1912, Hagadorn delivered to the applicant a quitclaim deed to the premises in consideration of $150, paid by the applicant, who, on the same day, paid the taxes on the land and recorded the deed. The deed contained the following clause:

"And the party of the first part [Hagadorn] consents and directs that judgment be entered adjudging that he has no right, title or interest in said land, and that title be adjudged in the party of the second part [Brown] in those certain proceedings now pending in the district court of said Crow Wing county brought by the second party to register the title to said land."

On March 16, 1912, the application of the appellants to answer in the said proceedings in their own behalf was made, the proposed answer alleging that Hagadorn obtained title to the property by adverse possession and conveyed the same to them by his deed delivered November 2, 1911, and from the order denying such motion this appeal was taken. Appellant James E. McGrath is a brother of William H. McGrath, and appellant Robert W. McGarry was a business associate of both, especially in land transactions.

In addition to the undisputed facts appearing as recited above, affidavits were presented on the part of the moving parties tending to show that Hagadorn acquired title by adverse possession. The showing in this regard, however, was meager, and it appeared from the affidavits offered in opposition, and it was undenied, that Hagadorn had never paid any taxes on the land, that he never had color of title thereto, and, further, that on August 10, 1910, he wrote applicant requesting permission to act as his agent in the sale of the land or in the drilling thereon. The affidavits were also conflicting concerning Brown's knowledge of either the contract or the deed between Hagadorn and the appellants.

1. Coming now to the merits of the appeal, the appellant contends that his application must be considered on the theory that James E. McGrath and Robert W. McGarry had no notice of the registration proceedings until after Brown obtained the deed from Haga-

dorn. We cannot sustain this claim, for it is inherently improbable; It is not at all likely that William H. McGrath, who, as stated, was a brother of James E. McGrath, and a business associate of the said James and the said McGarry, and who appeared as attorney for Hagadorn in the latter's answer in these proceedings, would fail to advise his associates of the fact, within his knowledge, that Brown was proceeding to register the title to the land of which they claimed to be part owners. Besides, the recitals of their contract indicate quite clearly that they were cognizant of the pendency of the proceedings.

2. The appellants contend that they were entitled to answer as a matter of right. This claim is predicated, as we understand it, upon the ground that R. L. 1905, § 3396, provides a six month's limitation for the bringing of an action questioning a decree of registration, and that they had the right to answer within such six months. This contention cannot be sustained. It is in contravention of R. L. 1905, §§ 3394, 3395, the latter section providing that, where any interest in the land sought to be registered is acquired subsequently to the filing of a copy of the application to register with the register of deeds, and prior to the entry of decree, the party so acquiring such interest shall "at once" appear and answer as a party defendant. The moving parties have not brought themselves within the provisions of this section. Even if the expression "at once" be construed as meaning within a reasonable time, under the circumstances of the case, as contended by the appellants, still the moving parties did not comply with the requirement of the statute; for it must be held that they had notice of the registration proceedings more than six months before making their application to answer, and after acquiring their alleged interest in the land. Section 3395 does not prohibit the acquisition of interest in lands pending proceedings to register, and prior to the entry of decree therein; but in such event the person so acquiring the interest must appear and answer as a party defendant "at once," so that the decree shall adjudge the interest of such person. We hold that the moving parties were not entitled to answer as a matter of right.

3. The question remains, however, as to whether the court abused

its discretion in denying the appellants' application to answer; for we are of the opinion that it was within the discretion of the court, upon the facts, to either allow or disallow such application, under familiar rules of practice governing such applications; it being well settled that proceedings to register title to land are of an equitable nature. Owsley v. Johnson, 95 Minn. 168, 103 N. W. 903; Peters v. City of Duluth, supra, page 96, 137 N. W. 390. Besides, R. L. 1905, § 3385, provides that an answer may be made within such further time, in addition to that prescribed for answering, as may be allowed by the court. While the appellants' point that the claim of the moving parties that their grantor had acquired title to the land in controversy by adverse possession prior to his conveyance to them, could not be determined on a hearing of this motion, must be sustained, yet the court had the right to consider the evident weakness of such claim in determining the application. We conclude that while, on application for registration of title, the court should be quite liberal in permitting parties to answer within the limitations prescribed in chapter 65, yet there was clearly no abuse of discretion in this case. 1 Dunnell, Minn. Pr. § 1890, McClymond v. Noble, 84 Minn. 329, 87 N. W. 838.

Several other and interesting questions have been raised and discussed on this appeal, but the conclusion reached, as above announced, dispenses with the necessity of their consideration.

Order affirmed.