[No. 10247.   Department One.   April 16, 1913.]

## ANNIE B. PHILLIPS *et al.*, *Appellants*, v. LOUISE A. TOMPSON *et al.*, *Respondents.*[1]

QUIETING TITLE—PROCESS—SERVICE BY PUBLICATION—JURISDICTION. The state has power to enact laws whereby the title to real property within the state may be quieted as against nonresident or all unknown heirs, by service of process by publication; and the court by such service acquires jurisdiction to adjudicate the title to the property.

SAME—PROCESS—"UNKNOWN" HEIRS. Under a title against "unknown heirs," children of a deceased child may be considered heirs at law of their deceased grandparent.

JUDGMENT—ATTACK—PRESUMPTIONS—LIS PENDENS. Where judgment was rendered against unknown heirs in an action to quiet title, it will be presumed in an action attacking the judgment, that a *lis pendens* was filed in the action to quiet title, as required by Rem. & Bal. Code, § 232, in the absence of any allegation to the contrary.

QUIETING TITLE—UNKNOWN HEIRS—JURISDICTION. In an action to quiet title against a named defendant, and unknown heirs, the court has jurisdiction to adjudicate the title, although the named defendant was dead at the time the action was commenced.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered January 20, 1912, upon sustaining a demurrer to the complaint, dismissing an action to quiet title.   Affirmed.

*Bell & McNeil* and *Roney & Loveless*, for appellants.

*Hastings & Stedman* and *Thomas H. Bain*, for respondent Tompson.

CROW, C. J.—This action was commenced by Annie B. Phillips, Charles G. Phillips, Jr., and Josephine R. Ker, heirs at law of Charles G. Phillips, deceased, against Louise A. Tompson and other defendants, to quiet title to eighty acres of land in King county, and redeem the same from a mortgage lien.   A demurrer to their third amended complaint

[1]Reported in 131 Pac. 461.

was sustained. They declined to plead further, and have appealed from an order of dismissal.

The single question presented is whether the third amended complaint states a cause of action. It is voluminous; details at length judicial proceedings hereinafter mentioned, and in substance states the following facts. On April 21, 1891, one Annie M. Phillips, a widow, now deceased, became the owner in fee simple of the eighty acres of land in the third amended complaint described, which she mortgaged to respondent Louise A. Tompson. On October 15, 1900, Annie M. Phillips died intestate, leaving Charles G. Phillips, a son, who resided in the state of Ohio, as her only heir at law. On October 1, 1904, Louise A. Tompson commenced cause number 44,558 in the superior court of King county against Annie M. Phillips to foreclose the mortgage deed. The pleadings indicate that, at the date of the commencement of the foreclosure action, Louise A. Tompson was ignorant of the previous death of Annie M. Phillips. On or about May 11, 1905, C. H. Rollins was appointed and qualified, by the superior court of King county, as administrator of the estate of Annie M. Phillips, deceased, and on May 13, 1905, was substituted as defendant in the foreclosure action, which thereafter was entitled "Louise A. Tompson, plaintiff, vs. C. H. Rollins, administrator of the estate of Annie M. Phillips, deceased, sustituted for Annie M. Phillips, defendant." The administrator appeared, filed an answer, a decree of foreclosure was entered, sale was made by the sheriff of King county, and on July 9, 1906, a sheriff's deed for the land was executed and delivered to Louise A. Tompson.

On August 1, 1908, Louise A. Tompson, claiming title to the land, instituted in the superior court of King county a second action, cause number 62,411, to quiet her title. In this action she was plaintiff, while Charles G. Phillips, the unknown heirs of Annie M. Phillips, deceased, and all other persons unknown claiming any right, title, claim or interest in or to the real estate, were named as defendants. She al-

leged that at all times in her complaint mentioned, and prior to June 26, 1907, she was the owner of the land; that on June 26, 1907, she had sold, and by warranty deed had conveyed a portion of the land; that Charles G. Phillips, and the unknown defendants claimed some right, title or interest in or to the premises, but that their claim, if any, was subordinate to her title. She asked a decree quieting her title as of the date of June 26, 1907, and further asked that the defendants, known and unknown, and each and all of them, be forever barred and foreclosed from any right, title or interest in or to the land. Service by publication was had, the first publication being made on August 7, 1908. On that date Charles G. Phillips, the known and named defendant, died intestate, leaving the appellants and plaintiffs herein, Annie B. Phillips, his widow, Charles G. Phillips, Jr., and Josephine R. Ker, his children, as his sole heirs at law. There is no suggestion that Louise A. Tompson was aware of the death of Charles G. Phillips, or that she knew of the existence of appellants as his heirs at law at any time prior to the final decree in the action to quiet title, or at any time prior to April, 1910.

On November 4, 1908, after entry of default, findings of fact and conclusions of law were made and entered in cause number 62,411, upon which final decree was entered quieting the title of Louise A. Tompson in and to all of the real estate as prayed in her complaint, and further decreeing that the defendants Charles G. Phillips, the unknown heirs of Annie M. Phillips, deceased, and all other persons unknown had no right, title, interest, claim, lien or estate in or to the land, or any part thereof. The appellants herein had no knowledge of the pendency of the action to quiet the title, commenced by Louise A. Tompson, until after entry of the decree in her favor. The complaint in the instant case further shows that the respondents herein, Roscoe C. Nisonger, Minnie Olive Barton, James C. Barton, her husband, Maggie Hiltman, Charles J. Hiltman, her husband, and Hewitt-Lea Lumber

Company, a corporation, have acquired title and interests in and to portions of the land, having deraigned the same from Louise A. Tompson subsequent to the foreclosure and sale. The land is vacant, unimproved and unoccupied. Appellants, who are nonresidents of this state, first learned of the foreclosure decree and sale and the action to quiet title in March, 1910. They then secured the services of an attorney to represent them, and on or about April 25, 1910, through their attorney, instituted an action in ejectment in the superior court of King county in the name of Annie M. Phillips, the original owner and mortgagor then deceased, as plaintiff, to recover the land. Appellants claim that they were ignorant of the law, that they knew nothing of court procedure, and that they relied upon the advice of their attorney. Afterwards, in October 1910, appellants discharged their attorney who had commenced the action in ejectment, and employed their present attorneys, who, on April 5, 1911, instituted the present action. Appellants claim title as widow, children, and sole heirs at law of Charles G. Phillips, deceased, the son and sole heir at law of the original owner and mortgagor, Annie M. Phillips, deceased. They contend that as to them the foreclosure was void; that Charles G. Phillips, who at the time of the foreclosure was the sole heir at law of Annie M. Phillips, deceased, was a necessary party to the foreclosure action; that he was not made a party; was not served with process; that his title was never divested; that appellants hold title as his heirs at law; that the decree in cause number 62,411, purporting to quiet title in Louise A. Tompson, is void as to appellants, for the reason that they were not made parties defendant, and were not served with process; that they still hold title to the real estate subject to the mortgage lien; that they are entitled to redeem; and that they have tendered to respondent, Louise A. Tompson, the amount due on her mortgage.

It may be conceded without any citation of authority that the foreclosure and sale did not divest the title of Charles G.

Phillips, of whom appellants are the heirs at law; yet the respondent held an interest in and to the land, did obtain color of title by the sheriff's deed, and claimed the fee simple title as alleged in her complaint. The controlling question on this appeal is whether the fee simple title was legally adjudged to, quieted and vested in, her and her grantees by virtue of the final decree entered in cause number 62,411. Her complaint therein, which stated a cause of action and alleged title in her, made no mention of the foreclosure and sale; and the decree, which is regular upon its face, is valid if the court had jurisdiction to enter the same, and is not subject to impeachment in this collateral action. 23 Cyc. 1055, 1056. The action to quiet title was a proceeding *in rem*, to which Charles G. Phillips, the unknown heirs of Annie M. Phillips, deceased, and all other persons unknown claiming any interest in the real estate were made defendants, under Rem. & Bal. Code, §§ 229-232.

From necessity, statutes of the character of the sections cited have been enacted in many states, in order that titles may be quieted when clouded by adverse claims of unknown heirs and unknown parties who may be without the jurisdiction of the state in which the real estate is located. The essential purpose of such statutes is to provide that unknown heirs and claimants may be served by publication without alleging their names, in order that they may receive the most effective notice possible, that they may appear and plead their claims, and that the court having jurisdiction of the real estate may determine and quiet the title. The state has power to thus provide for an adjudication of adverse rights or claims of persons in or to real estate situate within its borders, even though such claimants may be unknown and are without the jurisdiction of the court. Titles to real estate should not be subjected to continuous clouds. A state is under no compulsion to suffer titles to real estate situated within its borders to remain clouded for an indefinite period for the want of a proper method of serving process upon unknown claimants, or a proper procedure to quiet the same.

Statutes similar to ours have been sustained with marked uni-
formity. The substance of appellants' objection to the decree
quieting title is the want of service upon, or jurisdiction
over, them.  Jurisdictional objections to actions to quiet
title against unknown heirs and unknown parties, where serv-
ice is made by publication, have frequently been made upon
the ground that actions *quia timet* in respect to land are
equitable in their nature, that equity acts *in personam*, and
that personal jurisdiction of defendants cannot be obtained by
publication.  In *Shepherd v. Ware*, 46 Minn. 174, 48 N. W.
773, 24 Am. St. 212, the court, in passing upon a statute pro-
viding for constructive service upon unknown claimants to
land, said:

"It is conceded that constructive or substituted service
may be authorized by the state, and resorted to in all actions
or proceedings touching real property which are properly
denominated actions or proceedings *in rem*.  Such are actions
to partition real estate, proceedings to enforce the collection
of taxes against lands, and for the condemnation of land:
*Pennoyer v. Neff*, 95 U. S. 714, 727.  Actions *quia timet*
in respect to land, to remove a cloud, or to determine adverse
claims, are equitable in their nature, and, strictly speaking,
equity acts upon the person, and not upon the property; and
in these actions the judgment affects the claim or title to
the land, and they are not strictly actions *in rem*.  But they
concern real estate lying within the jurisdiction of the court,
and the state may clothe the court with full power to inquire
and adjudicate as to its *status*, title, and ownership; and it
is now well settled, that, as respects the procedure provided,
and the constructive service of notice, by publication, upon
non-resident defendants at least, actions of this kind are to
be classed with actions *in rem*: *Arndt v. Griggs*, 134 U. S.
316, 322-326 (10 Sup. Ct. Rep. 557); *Lane v. Innes*, 43
Minn. 137 (45 N. W. Rep. 4).  The question is, not what a
court of equity, under its general powers as such, may do, but
what the state may authorize in actions to adjudicate the
title to real estate.  Thus it is said in *Boswell v. Otis*, 9 How.
336, 348, 350: 'It is immaterial whether the proceeding
against the property be by attachment or by bill in chancery.
It must be substantially a proceeding *in rem*.  A bill for the

specific execution of a contract to convey real estate is not strictly a proceeding *in rem*, in ordinary cases; but when such a proceeding is authorized by statute, on publication, without personal service of process, it is substantially of that character.' And 'the inquiry should be, have the requisites of the statute been complied with, so as to subject the property in controversy to the judgment of the court? and is such judgment limited to the property named in the bill?' The judgment can affect the property only, and the defendant is not personally bound beyond it. And such, in substance is the character of this action. Its object is an adjudication of the state of the title, and the judgment goes no further. And by the procedure under consideration, the proceedings are instituted by filing the complaint, and recording the *lis pendens* against the property, and followed by the publication provided for."

See, also, *Arndt v. Griggs*, 134 U. S. 316; *State ex rel. Douglas v. Westfall*, 85 Minn. 437, 89 N. W. 175, 89 Am. St. 571, 57 L. R. A. 297; *Title and Document Restoration Co. v. Kerrigan*, 150 Cal. 289, 88 Pac. 356, 119 Am. St. 199, 8 L. R. A. (N. S.) 682.

In *Arndt v. Griggs, supra*, the supreme court of the United States, in discussing the question whether a state has the power to provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which the defendant, being a nonresident, is brought into court only by publication, said:

"A cloud cast upon such title by a claim of a non-resident will remain for all time a cloud, unless such non-resident shall voluntarily come into its courts for the purpose of having it adjudicated. But no such imperfections attend the sovereignty of the state. It has control over property within its limits; and the condition of ownership of real estate therein, whether the owner be stranger or citizen, is subjection to its rules concerning the holding, the transfer, liability to obligations, private or public, and the modes of establishing titles thereto. It cannot bring the person of a non-resident within its limits—its process goes not out beyond its borders—but it may determine the extent of his title to real estate within its limits; and for the purpose of such determination may pro-

vide any reasonable methods of imparting notice. The well-being of every community requires that the title of real estate therein shall be secure, and that there be convenient and certain methods of determining any unsettled questions respecting it. The duty of accomplishing this is local in its nature; it is not a matter of national concern or vested in the general government; it remains with the state; and as this duty is one of the state, the manner of discharging it must be determined by the state, and no proceeding which it provides can be declared invalid, unless in conflict with some special inhibitions of the constitution, or against natural justice. So it has been held repeatedly that the procedure established by the state, in this respect, is binding upon the federal courts."

A valuable discussion of the purpose and validity of such statutes may be found in *McClymond v. Noble* (84 Minn. 329, 87 N. W. 838), reported in 87 Am. St. 354, and in Mr. Freeman's note at pages 358 *et seq.* The superior court, in the action to quiet title, had jurisdiction of the real estate, which is in King county. Service was made upon the unknown defendants in compliance with the statute; the complaint stated a cause of action; the decree was regular upon its face; and the court having jurisdiction of the land, adjudicated and determined the ownership of the title.

Appellants further contend that, when Louise A. Thompson instituted the action to quiet title, she had knowledge of Charles G. Phillips, who was made a known defendant; that she attempted to serve him by publication; that she must be presumed to have also known of his heirs at law after his death; that she made no attempt to serve them, either as such heirs at law or as unknown parties claiming an interest; that they were neither unknown heirs nor unknown parties or claimants within the contemplation of the statute; and that as to them the decree quieting respondents' title is void. Appellants' contention seems to be that the only unknown heirs named as defendants were the unknown heirs of Annie M. Phillips, deceased, and that appellants, being the heirs of Charles G. Phillips, who died after the commencement of

the action, were not the unknown heirs of Annie M. Phillips, but were his heirs. Strictly speaking this may be true, but the term "unknown heirs," as used in statutes of this character, has been so liberally construed by the courts that appellants, in contemplation of the statute, can be considered the heirs at law of Annie M. Phillips, deceased, as well as the heirs at law of Charles G. Phillips, deceased. In *Howell v. Garton*, 82 Kan. 495, 108 Pac. 844, the syllabus, which states the substance of the opinion, reads as follows:

"The term 'unknown heirs,' as used in the sections of the code providing for service by publication in cases relating to real property and where the relief demanded is to exclude defendants from any interest, title or estate in real property, means all kinds of heirs, including heirs of heirs of such defendants as well as the legatees of heirs."

The statute of this state, Rem. & Bal. Code, § 232, provides:

"Any such unknown heirs or unknown persons or parties who have or claim any right, estate, lien, or interest in the said real property in controversy, at the time of the commencement of the action, duly served as aforesaid, shall be bound and concluded by the judgment in such action, if the same is in favor of the plaintiff therein as effectually as if the action was brought against such defendant by his or her name and constructive service of summons obtained: Provided, however, That such judgments shall not bind such unknown heirs, or unknown persons or parties, defendant, unless the plaintiff shall file a notice of *lis pendens* in the office of the auditor of each county in which said real estate is located, in the manner provided by law, before commencing the publication of said summons."

The third amended complaint in the instant case does not allege that a *lis pendens* notice of the action to quiet title was not filed in the office of the auditor of King county, and in the absence of such an allegation, we must assume the proceedings were regular and that it was filed. The evident purpose of the statute is to bind all unknown heirs and unknown persons or parties who had an interest in the real estate at the time of

the commencement of the action; and under the doctrine of *lis pendens*, to also bind all persons who may thereafter acquire an interest or title through them, whether such subsequent interest or title be acquired by voluntary conveyance or by inheritance. If in an action, under such a statute, after a complaint stating a cause of action has been filed, and publication of summons against unknown heirs and unknown parties has been made, a final decree may be avoided for the sole reason that some one of the defendants, known or unknown, dies without the plaintiff's knowledge during the pendency of the action leaving unknown parties as his heirs at law, the very purpose of the statute would be annulled. In *Inglee v. Welles*, 53 Minn. 197, 55 N. W. 117, an action affecting real estate was brought to determine adverse claims of Henry T. Welles, Delia Godding, and other persons and parties unknown. Service by publication was made, but subsequent to the decree it appeared that Delia Godding was dead at the time the action was commenced. Her heirs attacked the validity of the proceedings, but the supreme court of Minnesota in sustaining the decree said:

"We are of the opinion that the proof of publication of the notice of *lis pendens* with the summons is sufficient; also, that the nature of the action, and the nonresidence of the named defendant, Delia W. Godding, sufficiently appeared from the affidavit for publication. We are also of opinion that the mere fact that the named defendant was dead before the action was brought did not prevent the court from acquiring jurisdiction to determine the right of 'persons or parties unknown' claiming an interest in the land described in the complaint. These being all the objections to the judgment that are urged by the appellants, the order appealed from must be affirmed."

In *Howell v. Garton, supra*, a case to which we have already alluded as involving the meaning of the term "unknown heirs," an action was brought on July 1, 1905, to quiet title against one Abbie A. Little if living, or if dead, against her unknown heirs. Unknown to the plaintiff, Abbie A. Little

had died intestate in 1895, leaving one Hattie A. Davis as her sole heir at law. It also appeared that, unknown to the plaintiff, Hattie A. Davis had died testate in 1903, previous to the commencement of the action to quiet title. The supreme court held that a decree entered upon the service of summons by publication as against Abbie A. Little, if living, or if dead, as against her unknown heirs, was binding upon the legatees of her then deceased daughter, Hattie A. Davis. These cases show that the courts sustain decrees in such actions upon the theory that the actions are proceedings *in rem*, and that a court having jurisdiction of the real estate may adjudicate titles thereto after service by publication upon all persons known and unknown claiming any title or interest.

Other questions affecting the procedure in the foreclosure action and also in the action to quiet title have been raised by appellants, but we regard such questions as immaterial, for, as heretofore stated, the vital question on this appeal is whether the decree quieting title was valid or void. Upon the allegations of the third amended complaint, we conclude that the decree quieting title was valid; that the court had jurisdiction to render the same; that the fee simple title was adjudged to be in the respondent Louise A. Tompson; and that the third amended complaint did not state a cause of action. The judgment is affirmed.

GOSE, CHADWICK, and PARKER, JJ., concur.