IN RE APPLICATION OF HARRY McDANIEL AND
ANOTHER TO REGISTER TITLE TO CERTAIN LAND.
HARRY McDANIEL AND ANOTHER v.
MINNIE FINGERHUT.

100 N. W. (2d) 497.

December 18, 1959—No. 37,819.

*Fred Albert,* for appellant.
*Byron W. McCullagh,* for respondents.

Thomas Gallagher, Justice.

Appeal from an order denying a motion of Minnie Fingerhut, appellant, to intervene in proceedings for the registration of title to certain premises situated in Minneapolis, Hennepin County. The order appealed from approved, adopted, and confirmed the referee's report recommending that title to such premises be registered in the name of respondents, Harry McDaniel and Mary McDaniel, husband and wife, as fee owners. The appeal was taken prior to the entry of the decree.

On October 29, 1956, respondents filed application in the District Court of Hennepin County to register title to Lot 8, Block 14, Vinton Park Addition, Minneapolis. Subsequently, on November 28, 1956, the examiner of titles for Hennepin County filed his report specifying the names of parties deemed necessary defendants in the proceedings. Application and order for issuance of summons to all such parties was made and filed with the clerk of district court on December 19, 1956. Appellant was not named in the report or order as a necessary party, but her husband, Joseph Fingerhut, who had been a fee owner of the premises, was thus named and served with summons.

No answer was interposed on behalf of Joseph Fingerhut. However, on February 6, 1957, Fingerhut Holding Company, Inc., a Minnesota corporation which had not been named as a necessary party-defendant, interposed a cross-application in the proceedings, verified by Minnie Fingerhut as president, wherein it claimed title to the premises as vendee in an unrecorded contract for deed dated February 9, 1948, in which Joseph Fingerhut and Minnie Fingerhut, husband and wife, were vendors. Certain judgment creditors of Joseph Fingerhut also interposed answers claiming liens on the premises by virtue of their respective judgments. On January 3, 1958, the examiner of titles as referee appointed by the court heard testimony and received evidence on the application for registration and the cross-application of Fingerhut Holding Company, Inc. On April 22, 1958, he made his report to the court, wherein his findings and recommendations were that a decree be made denying the claims of Fingerhut Holding Company, Inc., and ordering registration of title in the names of respondents as fee owners, subject to liens of certain judgment creditors of Joseph Fingerhut.

On November 17, 1958, subsequent to the referee's report, but prior to its adoption by the district court, Minnie Fingerhut moved to intervene in the proceedings. In connection therewith she served and filed a proposed, *unverified* answer and counterclaim, supported by her affidavit. In the answer she denied that respondents had any right, title, or interest in the property. In the counterclaim she alleged that she was entitled to its "immediate possession, use, and the enjoyment of the rents and profits"; and that respondents had "wrongfully commenced unlawful detainer proceedings" and "wrongfully obtained possession of said premises on or about September 1, 1956." In her affidavit she set forth that, although her name appeared of record in the chain of title, she had not been named as a necessary party-defendant and had not appeared in the proceedings to have her interests and rights adjudicated; and that on October 4, 1949, she had redeemed the property from foreclosure "as appears from entry #167 of the abstract" on file and "claims the fee to the premises involved herein."

The motion to intervene, and respondents' application for a decree

pursuant to the referee's report, were heard by the court on November 26, 1958. Before it then was the application for registration, the report of the examiner, the findings and recommendations of the referee, the files and records in the registration proceedings, appellant's proposed, unverified answer and counterclaim, her affidavit, and the abstract of title upon which she relied in support of her claim. No other evidence was submitted. On February 26, 1959, the court made the order from which the present appeal is taken, wherein it denied the motion to intervene and approved the referee's findings and recommendations.

In a memorandum attached thereto and made a part thereof, it set forth the following:

"The motion of Minnie Fingerhut to intervene in this proceeding is dated November 17, 1958. The files and records disclose that she had actual notice of these registration proceedings at least as early as February 5, 1957, over 21 months earlier, when she as an officer of Fingerhut Holding Co., Inc., caused an Answer to be interposed in these proceedings on its behalf. Rule 24 of the Rules of Civil Procedure for the District Courts of Minnesota, requires that intervention shall be 'upon *timely application* * * *'. Where more than 6 months have elapsed between the time of actual notice and an attempt to intervene, the moving parties are not entitled to answer as a matter of right. Brown v. Hagedorn, 119 Minn. 491, 138 N. W. 941.

"Further, in her supporting affidavit Minnie Fingerhut states * * * 'that her name and identity appears of record in the chain of title, * * *.' The abstract of title on file herein and the records of the instruments therein shown, do not, however, show that she has any interest in the premises herein, nor does it appear either from her affidavit or from the records that she has been in possession of any part of the premises during the pendency of these proceedings. The evidence discloses only that at the time when Joseph Fingerhut was the record owner said Minnie Fingerhut joined with him in the execution of a mortgage recorded in Book 2328 of Mortgages, page 40, #131 of the abstract, and that when said mortgage was subsequently foreclosed, said Joseph Fingerhut and Minnie Fingerhut made a redemption from the foreclosure sale, Book 1799 of Deeds, page 99, #167 of

the abstract. The effect of such redemption was to annul the sale and leave the title as if the mortgage had never been given, to-wit, in Joseph Fingerhut, subject to the inchoate right of Minnie Fingerhut, his wife, and subject to an equitable lien in said Minnie Fingerhut for her contribution to the redemption. Kopp v. Thele, 104 Minn. 267, 116 N. W. 472, 17 L. R. A., N. S. 981, 15 Ann. Cas. 313. It does not appear from any allegations in the affidavit, nor from the evidence adduced at the hearing that said Minnie Fingerhut, herself, furnished any of the funds used for the redemption. Further, two other mortgages in which said Minnie Fingerhut had joined were foreclosed subsequent to the redemption above referred to, being foreclosures recorded in Book 2103 of Deeds, page 142, #206, and in Book 2142 of Deeds, page 400, #224 of the abstract. Said Minnie Fingerhut made no attempt to redeem from said mortgage foreclosure sales. Consequently any interest which she may have had is now barred by said foreclosures."

On appeal it is contended that the court erred (1) in holding appellant's motion to intervene untimely in that there are no limitations as to the time for making such a motion prior to the decree in registration proceedings; (2) in not making findings in accordance with appellant's uncontroverted affidavit; and (3) in determining the issues without a trial thereof.

■ By virtue of Rule 81.01[1] of Rules of Civil Procedure, it is clear that such rules apply to proceedings for registration of title to land unless they are inconsistent with statutes relative thereto. If there is no such inconsistency, then Rule 24.01, relating to intervention in civil cases, becomes applicable and must govern appellant's right to intervene in these registration proceedings. Rule 24.01 provides that "Upon *timely* application anyone shall be permitted to intervene in an action (1) *when the applicant has such an interest in the matter in litigation*

---

[1]Rule 81.01 at that time provided: "These rules do not govern procedure and practice in the statutory proceedings listed in Appendix A insofar as the statutes are inconsistent or in conflict with the procedure and practice provided by these rules." Appendix A included M. S. A. c. 508, "Registration of title to lands."

that he may either gain or lose by the direct legal effect of the judgment * * *." (Italics supplied.) Owsley v. Johnson, 95 Minn. 168, 103 N. W. 903; Kuby v. Ryder, 114 Minn. 217, 130 N. W. 1100; Hiller v. Smith, 191 Minn. 272, 253 N. W. 773; Rood v. Gibas, 229 Minn. 73, 38 N. W. (2d) 70.

■ Under this rule, to be entitled to intervene appellant was required to make timely application therefor; and to show that she had a genuine interest in the premises described. Failure to fulfill either of these requirements would justify an order denying her application for intervention even though under Rule 24.01 intervention is considered a matter of right rather than of discretion. As stated by the author of 1 Youngquist & Blacik, Minnesota Rules Practice, p. 656:

"The rule adopts the statutory ground for intervention, namely, 'when the applicant has such an interest in the matter in litigation that he may either gain or lose by the direct legal effect of the judgment therein'. * * *

* * * * *

"The rule requires *timely* application for intervention, * * *; although intervention under the rule is classified as of *right,* there must be an application made to the court, and the court in its *discretion,* considering the time of application as well as other factors, may deny the intervention * * *.

* * * * *

"Clause (3) requires an intervener to have an interest known to and protected by the law, e.g., a claim of ownership, or a lesser interest sufficient to be denominated a lien, legal or equitable." (Italics supplied.)

■ The record here discloses that appellant became aware of the application for registration by respondents shortly after it was filed. As president of Fingerhut Holding Company, Inc., which was not named as a necessary defendant in the proceedings, and on its behalf under the authority extended by virtue of M. S. A. 508.17,[2] she

[2]M. S. A. 508.17 provides: "*Any person* claiming any right, title, estate, or interest in or lien upon the land, *whether named in the summons*

promptly interposed a cross-application. At that time she might have interposed a verified answer on her own behalf setting forth any interest she claimed in the premises. She did not do this but elected rather to litigate the claims of the Fingerhut Holding Company, Inc. Throughout the hearing thereon she made no assertion of any personal claim in the property. When the corporation's claim was disallowed by the referee, she finally moved to intervene in the proceedings some 21 months after her knowledge of the commencement thereof. At that time the hearing had been completed and the referee had recommended that title to the premises be registered in respondents as fee owners. Certainly under such circumstances we do not feel that the trial court abused its discretion in holding that this delay was such as to make her motion to intervene untimely under Rule 24.01.

■ Further, the files, pleadings, and abstract before the court at the time of the hearing on appellant's motion clearly established her failure to show any interest in the property. As indicated above, her answer was unverified and contained no claim of ownership. It constituted merely a denial of respondents' title and as such insufficient to support a motion to intervene. Brown v. Hagadorn, 119 Minn. 491, 138 N. W. 941; Shepard v. County of Murray, 33 Minn. 519, 24 N. W. 291; Cornhusker Elec. Co. v. City of Fairbury, 131 Neb. 888, 270 N. W. 482; 39 Am. Jur., Parties, § 77. In her counterclaim, also unverified, she asserted only that she had a right to the immediate possession, use, and enjoyment of the rents and profits of the premises without any allegation as to the basis for such a claim. In the accompanying affidavit she asserted only that:

"* * * on October 4, 1949, she redeemed said property from foreclosure, as appears from entry #167 of the abstract on file, and she claims the fee to the premises involved herein."

The abstract disclosed to the court that Joseph Fingerhut and not Min-

---

*or not,* may file an answer therein, within the time named in the summons, or within such further time as may be allowed by the court. The answer shall state all objections to the application, *set forth the right, title, estate, interest, or lien claimed by the party filing the same, and be signed and verified by the defendant, or by some person in his behalf.*" (Italics supplied.)

nie Fingerhut was at one time a fee owner of the property. Entry No. 131 of the abstract disclosed that Joseph Fingerhut with appellant as his wife had executed a mortgage thereon which subsequently had been foreclosed as indicated by entry No. 149 of the abstract. Entry No. 167 disclosed that Joseph Fingerhut and appellant as his wife had received a certificate of redemption from this foreclosure sale. Other entries on the abstract disclosed that subsequent to the execution of this mortgage the Fingerhuts had executed two later mortgages on the premises, each of which had been foreclosed, and that no redemption had been made from either of such foreclosure sales by the Fingerhuts.

In determining whether appellant had an interest in the property so as to justify her intervention in the registration proceedings under Rule 24.01, the court could consider her proposed answer and counterclaim and her affidavit as well as the abstract upon which she relied. See, Walker v. Sanders, 103 Minn. 124, 114 N. W. 649; Wilson v. Davidson, 219 Minn. 42, 17 N. W. (2d) 31; Olsen v. Nelson, 125 Minn. 286, 146 N. W. 1097; Brown v. Hagadorn, *supra*; 39 Am. Jur., Parties, § 77; 12 Dunnell, Dig. (3 ed.) § 6499. The abstract rather than supporting her claim disclosed that whatever interest she might have had in the premises, either by virtue of contribution in the redemption described or otherwise, had terminated by foreclosure of the subsequent mortgages, and the expiration of the respective years of redemption in connection therewith. With this in view the court could not have done otherwise than find that appellant was without the requisite interest to qualify under Rule 24.01. Johnson v. Melges, 163 Minn. 315, 203 N. W. 983.

■ It is suggested that under Rule 81.01, above referred to, Rule 24.01 can have no application here; and that §§ 508.26[3] and

---

[3]M. S. A. 508.26 provides: "Any person having any right, title, or interest in or lien upon the land upon whom the summons has not been actually served, and *who had no notice or knowledge* of the filing of the application or of the pendency of such proceeding prior to the entry of the decree therein, *may at any time within 60 days after the entry of such decree* * * * file his duly verified petition setting forth such facts and praying for leave to file his answer therein. * * *" (Italics supplied.)

508.28,[4] relating to registration proceedings, being inconsistent with Rule 24.01, must govern appellant's right to intervene. However, we do not find any such inconsistencies. Section 508.26 is applicable to persons with *some right, title, or interest to land* involved in registration proceedings and *who have no knowledge* of the filing of the application for registration or the pendency of the registration proceedings prior to the entry of the decree therein. Section 508.28 relates to the time within which an action *attacking the validity of a decree* in registration proceedings may be instituted, limiting the same to 6 months subsequent to the date of the decree. Neither of these sections relates to situations such as here presented where appellant had knowledge of the proceedings but did not move to intervene therein until 21 months thereafter, and then failed to establish any interest in the premises involved. It must follow that Rule 24.01 governs the termination of the questions presented, and we must conclude that thereunder the trial court cannot be said to have abused its discretion in holding that appellant's motion was untimely and without sufficient basis for support in law or fact.

■ Appellant finally asserts that a trial of the issues should have been held before the motion was acted upon. But it seems to this court that it was incumbent upon the appellant to make a definite

---

[4]M. S. A. 508.28 provides: "No decree of registration hereafter entered, and no original certificate of title hereafter issued pursuant thereto, shall be adjudged invalid or set aside unless the action in which the validity of such decree, or of the original certificate of title issued pursuant thereto, is called in question, be commenced, or the defense alleging the invalidity thereof be interposed, within six months from the date of such decree. No action or proceeding for the recovery of any right, title, interest, or estate in registered land adverse to the title established by any original decree of registration hereafter entered shall be maintained, unless such action is commenced within six months from the date of such original decree. No action or proceeding for the enforcement or foreclosure of any lien or charge upon or against registered land in existence at the date of any original decree of registration hereafter entered, and which is not recognized and established by such decree, shall be maintained, unless such action or proceeding is commenced within six months from the date of such original decree. * * *"

showing that her motion was timely and that she had an interest in the property. As above indicated she failed to do this and at the time of the hearing on the motion her counsel proffered no additional evidence on either of such issues. Under all such circumstances the court was justified in making the determination that it did upon the pleadings, affidavits, and exhibits which were then before it. See, Brown v. Hagadorn, *supra*; 12 Dunnell, Dig. (3 ed.) § 6499.

Affirmed.