GUILLAUME & ASSOCIATES,
INC., Respondent,

v.

DON–JOHN CO., Respondent,

Summit State Bank of Bloomington, a
partnership, Appellant.

No. C7–82–1201.

Supreme Court of Minnesota.

July 15, 1983.

Gustafson & Adams and Gary D. Pihlstrom, Edina, for appellant.

Lang, Pauly & Gregerson and Robert I. Lang, Minneapolis, for Guillaume & Associates, Inc.

Don-John Co., pro se.

AMDAHL, Chief Justice.

This is an appeal from an order of the Hennepin County District Court denying the motion of defendant-appellant Summit State Bank of Bloomington (Summit) for an extension of time to file an answer in response to a summons served upon Summit by plaintiff-respondent Guillaume & Associates, Inc. (Guillaume).

Summit acquired an interest in certain real property through a mortgage foreclosure sale. Prior to and during the redemption period which followed the foreclosure sale, Guillaume and the other respondents in this matter allegedly provided goods and services to the property for which they have not received payment. At the end of the mortgage foreclosure period, Guillaume filed a mechanics lien against the property. This appeal arises from a mechanics lien foreclosure action brought by Guillaume against Summit and others.

Guillaume commenced its mechanics lien foreclosure action by serving its complaint upon Summit on May 26, 1982. Summit later met with its attorney, Gary Pihlstrom, concerning the complaint and gave Pihlstrom the impression that the complaint was

served on June 1, 1982. On June 3, 1982, Pihlstrom wrote Robert Lang, the attorney for Guillaume, asking whether Summit had 20 days from June 1, 1982, in which to interpose an answer to the complaint. His letter stated, "I am writing to confirm the fact that the bank has 20 days from June 1, 1982 in which to interpose the answer in this matter. If this is incorrect, please notify me immediately."

By letter to Pihlstrom dated June 4, 1982, Lang did not say when the complaint was served but only that "the period of time in which your client has to answer is in accordance with Minnesota Statutes and the Rules of Civil Procedure."

Summit did not file its answer until June 21, 1982, which was 6 days beyond the 20-day limitation period provided in Minn.R. Civ.P. 12.01. Upon receiving Summit's answer, Lang advised Pihlstrom of his intention to seek a default judgment. Pihlstrom then moved the trial court for an extension of time in which to interpose an answer to the complaint. The trial court denied the motion, noting that, although such motions are usually granted, in mechanics lien actions strict compliance with statutory requirements is necessary. Summit then brought this appeal.

As a general matter, trial courts have discretion to permit answers to be filed after the specified period has expired, if the defaulting party can show that the failure to act was due to excusable neglect. Minn. R.Civ.P. 6.02. The essential issue raised by this appeal is whether the same rule should apply in a proceeding to foreclose a mechanics lien, in view of the statement, found in Minn.R.Civ.P. 81.01 and accompanying Appendix A, that the Rules of Civil Procedure do not govern pleadings, practice and procedure in mechanics lien proceedings under Minn.Stat. §§ 514.01–.17 (1982), insofar as the rules are inconsistent with the statutes. The statute at issue requires each defendant in a mechanics lien action "to file his answer to the complaint with the clerk within 20 days after service on him." Minn. Stat. § 514.11 (1982).

In previous cases in which we have interpreted Rule 81.01 and found a rule of civil procedure to be inconsistent with a statute, we have noted that the conflict appeared distinctly. Thus, in *Tischendorf v. Tischendorf,* 321 N.W.2d 405 (1982), we found the guardianship statute, Minn.Stat. § 518.165 (1982), to be inconsistent with Minn.R.Civ.P. 17.02 because the statute "specifically deals with the appointment of a guardian under different conditions than those set forth in Rule 17.02 * * *." 321 N.W.2d at 409 n. 2. Similarly, in *McDaniel v. Fingerhut,* 257 Minn. 78, 100 N.W.2d 497 (1959), we stated:

By virtue of Rule 81.01 of Rules of Civil Procedure, it is clear that such rules apply to proceedings for registration of title to land unless they are inconsistent with statutes relative thereto. If there is no such inconsistency, then Rule 24.01, relating to intervention in civil cases, becomes applicable and must govern appellant's right to intervene in these registration proceedings.

257 Minn. at 82, 100 N.W.2d at 501 (footnote omitted). *See also Lenz v. Coon Creek Watershed District,* 278 Minn. 1, 18 n. 36, 153 N.W.2d 209, 221 n. 36 (1967).

■ The mechanics lien statute at issue, Minn.Stat. § 514.11 (1982), does not expressly state whether excusable neglect may constitute a sufficient reason to allow an untimely answer to be filed. Thus we must here determine whether the purpose of the mechanics lien statute would be so frustrated by an application of the excusable neglect provision of Rule 6.02 that the rule and the statute must be deemed inconsistent. We conclude they are not inconsistent, and that Rule 6.02 is applicable.

The essential purpose of the statute is to protect those who furnish material or services for the improvement of another's property, and, since the purpose of the statute is remedial, we have stated that it should be liberally construed to protect such persons. *Albert and Harlow, Inc. v. Great Northern Oil Co.,* 283 Minn. 246, 250, 167 N.W.2d 500, 504 (1969). We cannot see, nor has respondent's counsel argued, that this purpose will in any way be frustrated by allowing a

defendant to file an answer, where his failure timely to do so is the result of excusable neglect.

We have strictly interpreted the time limitations insofar as they determine when a lien is established and when it terminates. *See, e.g., Dolder v. Griffin,* 323 N.W.2d 773, 780 (Minn.1983); *Bauman v. Metzger,* 145 Minn. 133, 140, 176 N.W. 497, 500 (1920). However, this strictness was necessary "to remedy the unfairness arising from the foreclosure of mechanics liens on property of unsuspecting owners." *Dolder,* 323 N.W.2d at 780 (quoting *Polivka Logan Designers, Inc. v. Ende,* 312 Minn. 171, 176, 251 N.W.2d 851, 854 (1977)). Hence, because the materialmen in *Dolder* failed timely to give prelien notices, their liens were held to have never been validly established. Similarly in *Lesmeister v. Dilly,* 330 N.W.2d 95 (Minn.1983), we noted that mechanics liens cease to exist unless the lien notice is recorded within 90 days of the last delivery of material to the site. 330 N.W.2d at 101. These rulings are based on a policy of protecting owners and purchasers from unfair surprise by fixing "a definite time when such liens should terminate, to the end that those interested in the property, or dealing with it, might know with certainty when it was free of such claims. * * *." *Bauman,* 145 Minn. at 140, 176 N.W. at 500.

This policy, however, like the policy of protecting materialmen, is not in conflict with the "excusable neglect" provisions of Rule 6.02. The unfair surprise from which prospective purchasers of property are to be protected is that of unknown liens; the time for filing answers to such adverse claims against the property is of little import in making the decision to purchase.

■ In the final analysis, we believe fundamental fairness in this case requires reversal. Mr. Pihlstrom obviously intended his answer to be timely filed; his letter to Mr. Lang evidences this intent and good faith. Clearly this is not a case in which a lawyer, having been derelict in his duty, now seeks a reprieve from the court. We are reluctant to allow substantive rights to be decided on technical grounds, particularly where no harm has been shown to result from the few days' delay. One purpose of the Rules of Civil Procedure is to secure a just determination of every action. Minn. R.Civ.P. 1. Along with another court which has considered the matter within a similar statutory framework,[1] we hold that Minn.R. Civ.P. 6.02 is not in conflict with the 20-day limitation provision of Minn.Stat. § 514.11 (1982), and therefore that the Rule governed the proceedings below. We also hold that the trial court erred in denying appellant's motion for an extension of time in which to answer, in the stated circumstances of this case.

Reversed.

---

1. *See Pettinaro Construction Co. v. Rago,* 269 A.2d 250 (Del.Super.Ct.1970); *W.D. Haddock Construction Co. v. D.H. Overmyer Co.,* 256 A.2d 760 (Del.Super.Ct.1969).