In the Matter of the Application of Dean E. **MORLOCK** and Judy A. Morlock, husband and wife; Don Eugene Vetterol and Gail F. Vetterol, husband and wife; Dale E. Hossler and Jacqueline L. Hossler, husband and wife, To Register the Title to Certain Land.

No. CX–88–1139.

Court of Appeals of Minnesota.

Nov. 8, 1988.

Paul A. Skjervold, Skjervold Law Office, Shorewood, for appellant Neil Ryan.

Phillip R. Krass, Krass & Monroe, Shakopee, for respondents Morlock, Vetterol and Hossler.

Considered and decided by FOLEY, P.J., and NORTON, and FLEMING,* JJ., without oral argument.

## OPINION

FLEMING, Judge.

Respondents sought to have their land registered pursuant to Minn.Stat. § 508.01 (1982). During the pendency of the registration proceedings, Ryan (appellant) acquired land near the property being registered. Respondents' application for registration was approved, and Ryan has appealed, contending he received no notice of the proceedings.

## FACTS

The property in question is on Prior Lake. The original platting of the subdivision included a road to the lake for people in the subdivision. Appellant's property is in the first addition to the original subdivision.

The property as registered includes the road. The registration allows respondents to block appellant's access to the lake via the road. Other property owners objected to the closing of the road; respondents agreed the registration would be subject to an easement in favor of these objectors, who are named in the decree of registration.

The registration proceeding was commenced in December, 1982, when respondents Dean and Judy Morlock filed an application to register the land. At some point, Dean Morlock declared bankruptcy, which stayed the proceedings. The property was released by the bankruptcy trustee in October, 1987. The registration was approved by the trial court in April, 1988, and this appeal was filed in late May, 1988.

* Acting as judge of the Court of Appeals by ap-     pointment pursuant to Minn. Const. art. VI, § 2.

Appellant purchased his property in June, 1987. There is no indication of when he became aware of the pending registration proceeding. Appellant did not make any appearance in the trial court that is reflected in the record. By May 27, 1988, when he filed his notice of appeal, appellant was aware of and objected to the registration. His objection is to the closing of the road, which appellant has used for lake access.

## ISSUES

1. Did appellant immediately appear as a defendant upon learning of the pending registration proceeding?

2. Did appellant receive adequate notice of the pending registration proceeding?

## ANALYSIS

■ 1. Registration of title to land is governed by Minn.Stat. ch. 508. *Konantz v. Stein*, 283 Minn. 33, 37, 167 N.W.2d 1, 5 (1969). The statute regarding title to property acquired during the pendency of a registration proceeding reads:

**508.27. Title acquired pending proceeding**

Any person who shall acquire any right, title, interest or estate in the land subsequent to the filing of the copy of the application for registration with the county recorder, and prior to the entry of the decree in the registration proceeding, *shall at once appear and answer as a party defendant* in such proceeding, and the right, title, interest, estate, or lien of such person shall be subject to the order or decree of the court.

Minn.Stat. § 508.27 (1986) (emphasis added.)

Under this statute, the Minnesota Supreme Court has stated:

And, while we hold that one not a party to the proceeding and not knowing or charged with knowledge thereof, may ask or bring an action to vacate the decree, the one seeking so to do must act with great promptness as soon as notice or knowledge of the proceeding or decree comes to him. If he fails to do so, he is barred. Whether there has been laches is then within the sound discretion of the trial court.

*Lamprey v. American Hoist & Derrick Co.*, 197 Minn. 112, 123–24, 266 N.W. 434, 440 (1936).

The *Lamprey* court referred to an earlier case in which the court stated:

Even if the expression "at once" be construed as meaning "within a reasonable time, under the circumstances of the case," as contended by appellants, still the moving parties did not comply with the requirement of the statute; for it must be held that they had notice of the registration proceedings more than six months before making their application to answer, and after acquiring their alleged interest in the land. Section 3395 does not prohibit the acquisition of interest in lands pending proceedings to register and prior to the entry of decree therein; but in such event the person so acquiring the interest must appear and answer as a party defendant "at once," so that the decree shall adjudge the interest of such person.

*Brown v. Hagadorn*, 119 Minn. 491, 495, 138 N.W. 941, 942 (1912).

The statute's language has not changed from 1905 until today. *See* 1905 Minn. Laws § 3395. Under *Lamprey* and *Brown*, appellant was required to appear as a defendant immediately upon learning of the pending registration. It is impossible to determine from the record when that occurred.

Appellant relies on Minn.Stat. § 508.26 (1986) in arguing he was entitled to notice of the proceeding. That section, however, governs the right of a person who did not receive notice of a registration proceeding to petition the district court to open the decree of registration. There is no indication that appellant petitioned the district court to open the decree and allow appellant to file his answer.

■ 2. Generally, "one purchasing a lot within a plat may rely upon the dedication of streets and alleys shown therein, and possesses the right to use the same." *Etzler v. Mondale*, 266 Minn. 353, 364, 123

N.W.2d 603, 611 (1963). Before the district court can order a street vacated, adequate service must be made on owners of land in the platted area in which the street is located. Service by publication will not be deemed adequate as to people in the subdivision. *Id.* at 365, 123 N.W.2d at 611.

The *Etzler* court was concerned with vacating a park dedicated to the public use under Minn.Stat. § 505.14, while the present case is concerned with a Torrens registration pursuant to section 508. The *Etzler* court, however, considered adequate notice a matter of due process. Its holding is equally applicable to a Torrens proceeding in which some of the registered land has been used as a public street. There is no indication of what notice appellant received, and whether the notice given was sufficient to satisfy the due process concerns of *Etzler*.

We note that this appeal was brought pursuant to section 508.29(1), which allows an appeal from any final decree within 90 days from the date of the decree. The preferable practice would be to require a person in appellant's position to petition the trial court to open the decree and, if one of the parties is dissatisfied, to appeal pursuant to section 508.29(2), which permits an appeal from an order granting or denying the petition. This would ensure an adequate record for review.

## DECISION

Appellant was required to appear as a defendant in this case as soon as he had knowledge of the registration proceeding. It is impossible to determine whether he did so on the record as it stands. We remand to the trial court to determine when appellant received notice of the pending registration, and whether the notice received satisfied the due process concerns of *Etzler*. The trial court can then determine whether appellant acted with due diligence upon receiving adequate notice.

REMANDED.